SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
mburns@seyfarth.com
Eric E. Hill (SBN 173247)
ehill@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
IHG MANAGEMENT (MARYLAND) LLC, a
Maryland limited liability company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELA CERVANTES, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IHG MANAGEMENT (MARYLAND) LLC, a Maryland limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT IHG MANAGEMENT (MARYLAND) LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>[CLASS ACTION FAIRNESS ACT OF 2005; 28 U.S.C. § 1332]<br><br>CLASS ACTION |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant IHG MANAGEMENT (MARYLAND) LLC ("IHGM"), a Maryland limited liability company, hereby removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for

1  the Central District of California, pursuant to 28 U.S.C. sections 1441 and 1446,

2  asserting original federal jurisdiction under 28 U.S.C. section 1332(d)(2), and

3  states that this Court has jurisdiction over the action pursuant to the Class Action

4  Fairness Act of 2005 ("CAFA") for the following reasons.

### BACKGROUND

6     1.  This removal involves an action filed on September 28, 2018, in the

7  Superior Court of the State of California for the County of Los Angeles, entitled

8  *Estela Cervantes v. IHG Management (Maryland) LLC*, Case No. BC720961.

9     2.  In her Complaint, Estela Cervantes ("Plaintiff") purports to assert ten

10  claims for relief stemming from her employment with IHGM.  Plaintiff alleges that

11  IHGM failed to observe, as to herself and all non-exempt IHGM employees in

12  California from September 28, 2014 to present, the requirements set forth in: [1]

13  California Labor Code ("Labor Code") sections 510, 1194 and 1198 (regarding the

14  payment of overtime wages); [2] Labor Code section 226.7 (regarding rest breaks);

15  [3] Labor Code sections 226.7 and 512 (regarding meal periods); [4] Labor Code

16  sections 201-203 (regarding timely payment of final wages); ; [5] Labor Code

17  sections 1194 and 1197 (regarding minimum wages); [6] Labor Code sections 226

18  and 1174 (regarding failure to maintain accurate wage statements and required

19  records); [7] Labor Code section 2802 (regarding failure to indemnify employees

20  for business expenses); [8] California Business & Professions Code section 17200

21  *et seq.* (unfair competition law); and [9] Labor Code sections 2698-2699.5

22  (PAGA).

### TIMELINESS OF REMOVAL

24     3.  On October 30, 2018, IHGM was served with the Summons and

25  Complaint, through its registered agent for service of process in California.  A true

26  and correct copy of the Notice of Service of Process, showing an October 30, 2018

27  service date is attached hereto as **Exhibit A**. A true and correct copy of the

28  Complaint, Civil Cover Sheet, Summons and all other papers received by

Defendant in state court are attached hereto, collectively, as **Exhibit B**. IHGM filed its Answer to the Complaint in the California State Superior Court, County of Los Angeles on November 28, 2018, a true and correct copy of which is attached hereto as **Exhibit C**.

4.    This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by IHGM of a copy of a pleading, motion, order or other paper from which it may first be ascertained that this action is removable. 28 U.S.C. § 1446(b).

5.    IHGM has not secured the consent of the "DOE" defendants before removing this action because it does not know the identity of the "DOE" defendants and has no reason to believe that any of them have been properly served or have voluntarily appeared in this action. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) ("[u]nknown defendants sued as 'Does' need not be joined in a removal petition."). In addition, pursuant to CAFA, IHGM need not obtain the consent of any other defendant to remove this action. *See* 28 U.S.C. § 1453(b).

## REMOVAL OF THIS ACTION IS APPROPRIATE UNDER CAFA

6.    This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. section 1332(d)(2). As set forth below, this putative class action is removable under 28 U.S.C. sections 1453 and 1446 as the action: [A] involves 100 or more putative class members; [B] at least one class member is a citizen of a state different from that of at least one defendant; and [C] the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2) & (d)(6).

### A.    THIS ACTION INVOLVES 100 OR MORE PUTATIVE CLASS MEMBERS.

7.    Plaintiff purports to bring this class and representative action on behalf of a putative class of employees, which she defines as: "all current and

3

former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." (Complaint ("Compl.") at ¶ 5.) As such, this matter is a "class action" as that term is defined pursuant to 28 U.S.C. sections 1332(d)(1)(B) and 1453.

8.    The number of putative class members exceeds 100 persons, as required by 28 U.S.C. section 1332(d)(5)(B). During the class period, IHGM has employed roughly 2,242 non-exempt employees in California, and thus easily exceeds CAFA's 100-person threshold.[1] (Declaration of W. Clif Deaton ("Deaton Decl.") at ¶ 5.)

### B.    THE PARTIES ARE SUFFICIENTLY DIVERSE.

9.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; at least one purported class member must be a citizen of a state different from any named defendant. 28 U.S.C. § 1332(d)(2)(A). Here, such minimal diversity exists among the parties. Plaintiff is a citizen of a state (California) different from that of IHGM (Delaware and Georgia).

10.    **Plaintiff's Citizenship**. For purposes of determining diversity, a person is a "citizen" of the state in which she or she is domiciled. *Kantor v. Wellesley Galleries, LDT.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile."). Domicile for purposes of diversity is

---

[1] The relevant hotels include: Crowne Plaza Los Angeles International Airport, Crowne Plaza Redondo Beach, Crowne Plaza San Jose Silicon Valley, Holiday Inn Anaheim, Hotel Indigo Los Angeles, Hotel Indigo San Diego, InterContinental Los Angeles Century City, InterContinental San Diego, Staybridge Suites Anaheim, and Staybridge Suites Cathedral City Golf Resort - Palm Springs.

DEFENDANT'S NOTICE OF REMOVAL

1    determined as of the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th

2    Cir. 1986).

3        11.    Plaintiff alleges that she was a resident of California when the acts

4    and omissions alleged in the Complaint occurred. (Compl. at ¶ 4.) Plaintiff's

5    allegation that she is a resident of California is *prima facie* evidence that Plaintiff's

6    domicile is in California, and therefore, Plaintiff is a citizen of California. *State*

7    *Farm Mutual Auto Ins.*, 19 F.3d at 520. Based on Defendant's records, throughout

8    the period of her employment, Plaintiff was a resident of California. (Deaton Decl.

9    at ¶ 5.) Neither Plaintiff nor Plaintiff's counsel has provided a different address or

10    indicated that Plaintiff does not remain domiciled in California. (Declaration of

11    Eric E. Hill at ¶ 5.) Therefore, Plaintiff was at the time this action commenced,

12    and still is a citizen of California.

13        12.    **IHGM's Citizenship**. For diversity purposes, "an LLC is a citizen of

14    every state of which its owners/members are citizens." *Johnson v. Columbia*

15    *Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *NewGen LLC v. Safe*

16    *Cig., LLC*, 840 F.3d 606, 612 (9th Cir. 2016). Moreover, for removal purposes,

17    diversity is determined at the time the lawsuit is filed. *Grupo Dataflux v. Atlas*

18    *Global Group, L.P.*, 541 U.S. 567 ("[t]his Court has long adhered to the rule that

19    subject-matter jurisdiction in diversity cases depends on the state of facts that

20    existed at the time of filing").

21        13.    At the time of the filing of this action, and at all relevant times, IHGM

22    was a citizen of a state other than California within the meaning of 28 U.S.C.

23    section 1332. (Deaton Decl. at ¶ 6-7.)

24        14.    IHGM is a Maryland limited liability company. (*Id.* at ¶ 6; Compl. at

25    ¶ 6 ("IHG is, and at all times relevant hereto was, a Maryland limited liability

26    company organized and existing under the laws of the State of Maryland").) The

27    majority of IHGM's executive and administrative functions, including corporate

28    finance and accounting, were performed in Georgia, where its corporate

DEFENDANT'S NOTICE OF REMOVAL

headquarters are located.  IHGM's executive operations are managed from its

Georgia headquarters, where the majority of its corporate officers maintain offices.

(Deaton Decl. at ¶ 7.)

15.   IHGM's sole member is InterContinental Hotels Group Resources, Inc., a Delaware corporation with its principal place of business in Atlanta, Georgia.  InterContinental Hotels Group Resources, Inc.'s corporate officers maintain offices in Georgia, and a majority of its corporate officers and directors work from its headquarters in Georgia.  (*Id.*)

16.   Therefore, pursuant to 28 U.S.C. Section 1332, IHGM is a citizen of Delaware and Georgia for diversity purposes.

17.   **Doe Defendants' Citizenship Is Irrelevant**.  The citizenship of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332.  28 U.S.C. 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").  Thus, the existence of Doe defendants 1 through 50 does not deprive this Court of jurisdiction.

C.   **THE AMOUNT IN CONTROVERSY MEETS THE CAFA THRESHOLD.**

18.   CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual putative class members are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No.

DEFENDANT'S NOTICE OF REMOVAL

1  109-14, at 42 (2005).  Moreover, any doubts regarding the maintenance of

2  interstate class actions in state or federal court should be resolved in favor of

3  federal jurisdiction.  *Id.* at 42-43 ("[I]f a federal court is uncertain about whether

4  'all matters in controversy' in a purported class action 'do not in the aggregate

5  exceed the sum or value of $5,000,000,' the court should err in favor of exercising

6  jurisdiction over the case. . . .  Overall, new section 1332(d) is intended to expand

7  substantially federal court jurisdiction over class actions.  Its provision should be

8  read broadly, with a strong preference that interstate class actions should be heard

9  in a federal court if properly removed by any defendant.").

10        19.    While Defendant specifically denies liability as to all of Plaintiff's

11  claims, and specifically denies the appropriateness of the case proceeding as a class

12  action, Defendant has a reasonable, good faith belief that the amount in

13  controversy, as alleged and pled by Plaintiff, exceeds $5,000,000.  All calculations

14  in support of the amount in controversy analysis are based on the allegations in

15  Plaintiff's Complaint and are not intended as an admission that any of those

16  allegations have merit.

17        20.    When, as here, damages are not specified in the state court complaint,

18  the defendant seeking removal "need include only a plausible allegation that the

19  amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135

20  S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).  Because Plaintiff has not

21  alleged her particular damages, reasonable estimates of the alleged amount in

22  controversy are appropriate.  *See Ibarra v. Manheim Inv.'s, Inc.*, 775 F.3d 1193,

23  1198 (9th Cir. 2015).

24        21.    In determining the amount in controversy, the Court must consider the

25  recovery sought, including penalties, as well as recoverable statutory attorneys'

26  fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (finding

27  that claims for statutory attorneys' fees should be included in amount in

28  controversy, regardless of whether award is discretionary or mandatory).  The

DEFENDANT'S NOTICE OF REMOVAL

burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he parties need not predict the trier of fact's eventual award with one hundred percent accuracy."). The amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016, at *11 (E.D. Cal. 2011) (holding that, for purposes of removal, a court "must deal with what has actually been pled").

22.    The alleged amount in controversy in this action, in the aggregate, exceeds $5,000,000. The Complaint seeks relief on behalf of: "all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action [September 28, 2014] and ending at the time this action settles or proceeds to final judgment." (Compl. at ¶ 5.) During the time period identified in the Complaint (September 28, 2014 to the present day), IHGM employed approximately 2,242 non-exempt employees in California. (Deaton Decl. ¶ 5.)[2]

23.    **Alleged Unpaid Overtime Compensation (Fourth Cause of Action)**: Plaintiff alleges that she and the putative class members were not

---

[2] All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other documents as identified herein and in the Declaration of W. Clif Deaton), assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) could be established. Likewise, these calculations are based on the putative class alleged in the Complaint and in no way indicate that such class actually exists or would meet the requirements set forth in Fed. R. Civ. P. 23. IHGM expressly reserves the right to challenge Plaintiff's claims, class definition and calculation of damages in all respects. However, for purposes of this Notice of Removal, IHGM bases its calculations on the allegations, facts and class definition contained in the Complaint as well as other documents identified herein.

DEFENDANT'S NOTICE OF REMOVAL

compensated for all overtime hours worked by, among other things, "failing to pay overtime at one and one-half (1 1/2) times or double the regular rate of pay…, rounding PLAINTIFF's and CLASS MEMBERS' hours worked to the detriment of PLAINTIFF and CLASS MEMBERS; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks but not compensating them for this time and failing to include this time in their hours worked; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records . . . ." (Compl. at ¶ 29.)

24.     During the relevant time period identified in the Complaint, Defendant employed approximately 2,242 non-exempt employees in California. (Deaton Decl. at ¶ 5.)  The average hourly rate of pay for these employees during the relevant period is $16.15 per hour. (Deaton Decl. at ¶ 8.)  Given the dates of service of the putative class members, these employees worked roughly 190,000 work weeks since September 28, 2014. (*Id.*)  Assuming that Plaintiff alleges a very conservative one hour of unpaid overtime per work week, the amount of alleged unpaid overtime Plaintiff seeks on behalf of the putative class is roughly $4,603,700. (Deaton Decl. at ¶ 8.) ($16.15 X 1.5 X 190,000 = $4,603,700).  Based on the allegations in the Complaint, an assumption of one hour of alleged unpaid overtime per week, per employee, is entirely reasonable.

25.     **Alleged Meal Period Compensation (First Cause of Action).**
Plaintiff alleges that "Defendants had, and continue to have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS full, uninterrupted, and timely meal periods . . . ." (Compl. at ¶ 14.)  Plaintiff also alleges that as a result of these policies and practices, "PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods…." (*Id.* at ¶ 15.)

9

26.    Based on these allegations of a policy and practice of failing to provide meal breaks and regular violations, it is reasonable to assume that Plaintiff is alleging two meal break violations per work week. Given the dates of service of the putative class members and the average hourly rate of $16.15, and assuming two meal break violations per week for each employee, the amount of alleged unpaid meal break premiums Plaintiff seeks on behalf of the putative class is $6,137,000. (Deaton Decl. at ¶ 9.) ($16.15 X 2 X 190,000 = $6,137,000).

27.    **Alleged Rest Period Compensation (Second Cause of Action) .** Plaintiff alleges that "DEFENDANTS had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks . . ." (Compl. at ¶ 19.) Plaintiff also alleges that as a result of these policies and practices, "PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely rest periods…." (*Id.*)

28.    Based on these allegations of a policy and practice of failing to provide rest breaks and regular violations, it is reasonable to assume that Plaintiff is alleging two rest break violations per work week. Given the dates of service of the putative class members and the average hourly rate of $16.15, and assuming two rest break violations per week for each employee, the amount of alleged unpaid rest break premiums Plaintiff seeks on behalf of the putative class is $6,137,000. (Deaton Decl. at ¶ 10.) ($16.15 X 2 X 190,000 = $6,137,000).

29.    **Alleged Waiting Time Penalties (Fifth Cause of Action):** Although the foregoing alone establishes that the amount in controversy exceeds $5 million, Plaintiff also seeks damages for alleged violations of Labor Code Section 203, for failure to pay employees all wages due and payable at the time of termination of employment. (Compl. at ¶¶ 33-38.) Plaintiff seeks waiting time penalties on behalf of all former employee putative class members in the amount of 30 days' pay. (*Id.* ¶ 36.) If Plaintiff prevails on this claim on a class-wide basis, each class

10

DEFENDANT'S NOTICE OF REMOVAL

1   member whose employment was terminated during the three-year statutory period

2   could be entitled to up to 30 days' wages.[3]  During the relevant three-year statutory

3   period, 845 non-exempt employees have quit or been terminated from relevant

4   IHGM hotels in California.  (Deaton Decl. at ¶ 11.)  Applying the average hourly

5   rate of $16.15, and accepting Plaintiff's contention that they are entitled to 30 days

6   of pay in penalties (i.e., 240 hours of pay (30 days times 8 hours)), the amount in

7   controversy for the waiting time penalties is roughly $3,275,220.  (*Id.*) ($16.15 X 8

8   hrs. X 30 days X 845 = $3,275,220). The standard work day for nearly all of

9   IHGM's non-exempt employees is eight hours.  (*Id.*)

10         30.    **Attorneys' Fees**:  The Complaint also alleges that putative class

11  members are entitled to recover attorneys' fees.  (Compl., Prayer for Relief at ¶ 9.)

12  Requests for attorneys' fees should be taken into account in ascertaining the

13  amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th

14  Cir. 1998) ("[w]here an underlying statute authorizes an award of attorneys' fees,

15  either with mandatory or discretionary language, such fees may be included in the

16  amount in controversy.").

17         31.    Plaintiff also alleges claims for the failure to furnish accurate itemized

18  wage statements, the failure to maintain required records, and the failure to

19  reimburse employees for business expenses.  These claims put additional amounts

20  in controversy.

21         32.    Thus, although IHGM denies Plaintiff's allegations that she or any

22  putative class member is entitled to the relief sought in the Complaint, the amount

23  in controversy easily exceeds the $5,000,000 threshold set forth in 28 U.S.C.

24  section 1332(d)(2).

25

26  _____

[3] The statute of limitations for a Section 203 claim is 3 years. *See Pineda v. Bank of Am., N.A.*,
27  50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee
who quit or was fired, the employee would have had one year to sue for the section 203 penalties
28  but, … three years to sue for the unpaid final wages giving rise to the penalty").

DEFENDANT'S NOTICE OF REMOVAL

1    33.    Because diversity of citizenship exists–Plaintiff being a citizen of

2   California, and IHGM being a citizen of Delaware and Georgia—and because the

3   amount in controversy in this putative class action exceeds $5,000,000, this Court

4   has original jurisdiction pursuant to 28 U.S.C. section 1332(d)(2).  This action is

5   therefore proper for removal to this Court.

**VENUE**

7    34.    Venue lies in the United States District Court for the Central District

8   of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a).  This action

9   originally was brought in the Superior Court of the State of California, County of

10  Los Angeles, which is located within the Central District.  Therefore, the action is

11  properly removed to this Court because it is the "district and division embracing

12  the place where such action is pending."  28 U.S.C. § 1441(a).

**NOTICE OF REMOVAL**

14   35.    A true and correct copy of this Notice of Removal will be promptly

15  served on Plaintiff and filed with the Clerk of the Superior Court of the State of

16  California for the County of Los Angeles, as required under 28 U.S.C. § 1446(d).

17   36.    In compliance with 28 U.S.C. section 1446(a), Defendant has attached

18  a copy of the state court papers served herein.  *See* **Exhibits B & C** (the Complaint

19  & Summons, and Defendant's Answer, respectively).

20   WHEREFORE, Defendant prays that the above action pending before the

21  Superior Court of the State of California for the County of Los Angeles be

22  removed to this Court.

DEFENDANT'S NOTICE OF REMOVAL

DATED: November 29, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Eric E. Hill
    Michael J. Burns
    Eric E. Hill

Attorneys for Defendant
IHG MANAGEMENT (MARYLAND) LLC

13