**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
KAYVON SABOURIAN (SBN 310863)
ksabourian@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff ESTELA
CERVANTES, individually and on behalf
of others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELA CERVANTES, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>IHG MANAGEMENT (MARYLAND) LLC, a Maryland limited liability company; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.  2:18-cv-10005-RGK-MAA<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Filed concurrently with Declaration of Matthew J. Matern; and [Proposed] Order Granting Preliminary Approval of Class Action Settlement]<br><br>Date:　　　April 22, 2019<br>Time:　　　9:00 a.m.<br>Courtroom:　　850 |

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-1-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on April 22, 2019, at 9:00 a.m., in Courtroom 850 of the United States District Court for the Central District of California, Roybal Federal Building and Courthouse, located at 255 East Temple Street, Los Angeles, California 90012, plaintiff Estela Cervantes ("Plaintiff") will and hereby does move this Court for entry of an order:

1.     Granting preliminary approval of the proposed class action settlement set forth in the Stipulation of Class Action Settlement ("Stipulation"), attached as Exhibit A to the Declaration of Matthew J. Matern;

2.     Approving the proposed Notice of Class Action Settlement ("Class Notice") and Information Sheet (collectively, the "Notice Packet") and the plan for distribution of the Notice Packet to Class Members;

3.     Provisionally certifying the class for settlement purposes only;

4.     Appointing Plaintiff as Class Representative;

5.     Appointing Matthew J. Matern, Launa Adolph and Kayvon Sabourian of Matern Law Group, PC, as Class Counsel;

6.     Appointing Rust Consulting, Inc. as the Settlement Administrator; and

7.     Scheduling a Final Approval Hearing.

This motion is made on the grounds that the proposed settlement is fair, adequate, and reasonable, and the Class Notice fairly and adequately informs the Class Members of the terms of the proposed Settlement, their potential awards, their rights and responsibilities, and the consequences of the Settlement.

This motion is based on this notice, the attached memorandum of points and authorities, the Declaration of Matthew J. Matern and all exhibits thereto, including the Stipulation, all documents and records on file in this matter, and such additional argument, authorities, evidence and other matters as may be presented by the parties hereafter.  This motion is made following the conferences of counsel pursuant to Local Rule 7-3 on March 15, 2019.  Defendant does not oppose this motion.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-2-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   DATED:  March 25, 2019              Respectfully submitted,

2                                       MATERN LAW GROUP, PC

3

4                             By:      /s/ Matthew J. Matern

5                                      MATTHEW J. MATERN
                                       LAUNA ADOLPH
6                                      KAYVON SABOURIAN
                                       Attorneys for Plaintiff ESTELLA
7                                      CERVANTES

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-3-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION…………………………………………….....1

II.  FACTUAL AND PROCEDURAL BACKGROUND……………………..2

    A.   The Parties………………………………………………..2

    B.   Procedural History…………………………………………....2

    C.   Discovery and Investigation ……………………………………..3

    D.   Settlement Negotiations…………………………………………3

III. SUMMARY OF SETTLEMENT………………………………………4

    A.   The Class ...........................................................................4

    B.   Settlement Terms ............................................................4

    C.   Release ..............................................................................6

    D.   Class Notice and Settlement Administration ......................................7

IV.  ARGUMENT…………………………………………………..8

    A.   The Settlement Meets The Requirements For Preliminary Approval…8

        1.   The Settlement Is The Product Of Informed, Arm's Length Negotiations ..................................................................9

        2.   The Settlement Does Not Suffer From Any Obvious Deficiencies ...............................................................10

        3.   The Settlement Does Not Provide Preferential Treatment To Plaintiff Or Any Segment Of The Class....................................11

        4.   The Settlement Falls Within The Range Of Possible Approval 12

    B.   The Proposed Class Notice Is An Appropriate Form Of Giving Notice And Satisfies Due Process .................................................13

    C.   The Court Should Provisionally Certify The Class For Settlement Purposes .......................................................................14

        1.   The Proposed Class Is Sufficiently Numerous..........................15

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

2.   Common Questions Of Law And Fact Predominate.................15

3.   Plaintiff's Claims Are Typical Of Those Of The Class
     Members ....................................................................................16

4.   Plaintiff And Her Counsel Will Adequately Represent The Class
     Members ....................................................................................17

5.   A Class Action Is A Superior Method For Adjudicating This
     Action.........................................................................................18

VII.  CONCLUSION………………………………………………………...19

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-ii-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarado v. Nederend,*
   2011 WL 90228 (E.D. Cal. Jan. 11, 2011) ..............................................................9

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591 (1997)......................................................................................18

*Arrendondo v. Delano Farms Co.,*
   2011 WL 1486612 (E.D. Cal. Apr. 19, 2011) .........................................................16

*Blackie v. Barrack,*
   524 F.2d 891 (9th Cir. 1975) ...............................................................................16

*Churchill Vill., L.L.C. v. GE,*
   361 F.3d 566 (9th Cir. 2004) ...............................................................................13

*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156 (1974).........................................................................................14

*Ellis v. Costco Wholesale Corp.,*
   657 F.3d 970 (9th Cir. 2011) ...............................................................................17

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998) ...................................................................8,13,16

*Hanon v. Dataprods. Corp.,*
   976 F.2d 497 (9th Cir. 1992) .........................................................................16, 17

*Harris v. Vector Mktg. Corp.,*
   2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)......................................................9,11

*In re AutoZone,*
   289 F.R.D. 526 (N.D. Cal. 2012) .........................................................................15

*In re Badger Mountain Irr. Dist. Sec. Litig.,*
   143 F.R.D. 693 (W.D. Wash. 1992).....................................................................15

*In re Heritage Bond Litig.,*
   546 F.3d 667 (9th Cir. 2009) ................................................................................8

*In re Mego Fin. Corp. Sec. Litig.,*
   213 F.3d 454 (9th Cir. 2000)..............................................................................17

*In re Tableware Antitrust Litig.,*
   484 F. Supp. 2d 1078 (N.D. Cal. 2007)................................................................12

*In re Wells Fargo Loan Processor Overtime Pay Litig.,*
   2011 WL 3352460 (N.D. Cal. Aug. 2, 2011)..........................................................14

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*Lerwill v. Inflight Motion Pictures Inc.*,
  582 F.2d 507 (9th Cir.1978) ................................................................. 18

*Levya v. Medline Indus, Inc.*,
  716 F.3d 510 (9th Cir. 2013) ................................................................ 14

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
  244 F.3d 1152 (9th Cir. 2001) .............................................................. 16

*Mendoza v. United States*,
  623 F.2d 1338 (9th Cir. 1980) .............................................................. 13

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306(1950) ............................................................................. 14

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) .................................................................. 8

*Rannis v. Recchia*,
  380 F. App'x 646 (9th Cir. 2010) ......................................................... 15

*Rodriguez v. West Publ'g Corp.*,
  563 F. 3d 948 (9th Cir. 2009) ....................................................... 11,13,14

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ................................................................ 11

*Valentino v. Carter-Wallace, Inc.*,
  97 F.3d 1227 (9th Cir. 1996) ................................................................ 18

*Vasquez v. Coast Valley Roofing, Inc.*,
  670 F. Supp. 2d 1114 (E.D. Cal. 2009) ................................................ 12

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (U.S. 2011) ............................................................ 12,15

**Rules**

Federal Rule of Civil Procedure, Rule 23 ................................................ 12

Fed. R. Civ. P. 23(a)(1) .......................................................................... 15

Fed. R. Civ. P. 23(a)(2) .......................................................................... 15

Fed. R. Civ. P. 23(a)(3) .......................................................................... 16

Fed. R. Civ. P. 23(a)(4) .......................................................................... 17

Federal Rule of Civil Procedure 23(e) ...................................................... 8

Federal Rule of Civil Procedure Rule 23(c)(2)(B) ................................... 13

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-iv-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

## I.    INTRODUCTION

Plaintiff Estela Cervantes ("Plaintiff") seeks preliminary approval of a proposed wage-and-hour class action settlement on behalf of all persons employed by defendant IHG Management (Maryland) LLC ("Defendant") as non-exempt employees at the Crowne Plaza Redondo Beach and Marina hotel in Redondo Beach, California, at any time from September 28, 2014 through the earlier of May 27, 2019 or the date the Court grants preliminary approval (the "Class Period"). The Stipulation provides for a non-reversionary settlement in the amount of $510,000.00.

The Settlement was reached after formal and informal discovery and arms'-length, non-collusive bargaining between counsel, including an all-day mediation with an experienced mediator.  The settlement amount represents a substantial recovery for the Class Members based on the claims alleged and the defenses thereto.  Furthermore, the Settlement does not suffer any obvious deficiencies or provide preferential treatment to Plaintiff or any segment of the class.  In sum, the proposed Settlement is fair, reasonable and adequate and should be preliminarily approved.

Additionally, the proposed notice procedure is appropriate and meets all requirements as to method and form.  The Notice of Class Action Settlement ("Class Notice") and Information Sheet (collectively, "Notice Packet") will be mailed to the Class Members by First Class U.S. Mail at their last known addresses, as updated by the Settlement Administrator, in both English and Spanish.  The Notice Packet fairly apprises the Class Members of the terms of the proposed Settlement and of their rights and options in connection with the proceedings.

Finally, provisional class certification, for settlement purposes only, is appropriate because: (1) the class is so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to the class; (3) Plaintiff's claims are typical of the claims of the class; (4) Plaintiff and her counsel

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-1-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

will fairly and adequately protect the interests of the Class; and (5) questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Accordingly, Plaintiff respectfully requests the Court enter an order (1) granting preliminary approval of the Settlement; (2) authorizing the mailing of the Notice Packets to the Class Members; (3) provisionally certifying the class for settlement purposes only; and (4) setting a hearing to consider whether to grant final approval of the Settlement and to consider the requests for attorneys' fees and costs and an incentive award to Plaintiff.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties

IHG operated the Crowne Plaza Redondo Beach and Marina hotel in Redondo Beach, California throughout the Class Period.  (Matern Decl., ¶ 3, Dkt. 24-1.)  Plaintiff was employed as a room attendant at the Crowne Plaza Redondo Beach and Marina hotel from August 2001 to July 30, 2017.  *Id*. at ¶ 4.

### B.   Procedural History

On September 28, 2018, Plaintiff filed this putative class and representative action against Defendant in Los Angeles Superior Court, alleging causes of action for: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unfair and unlawful business practices; and (10) penalties under the Labor Code Private Attorneys General Act ("PAGA").  (Pl.'s Complaint, Dkt. 1-2.)  On November 28, 2018, Defendant answered the Complaint.  (Def.'s Answer, Dkt.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-2-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1-3.)  On November 29, 2018, Defendant removed this case to this Court under the Class Action Fairness Act.  (Notice of Removal, Dkt. 1.)

**C.     Discovery and Investigation**

Prior to filing the Complaint, Plaintiff's counsel conducted an extensive investigation including interviewing Plaintiff, reviewing documents provided by Plaintiff and other publicly-available documents, and conducting research regarding applicable California Labor Code sections and the Industrial Welfare Commission Wage Order.  (Matern Decl., ¶ 9, Dkt. 24-1.)

The Parties also engaged in significant discovery after the Complaint was filed.  Plaintiff propounded written discovery, including interrogatories, requests for admission, and requests for production of documents.  *Id.* at ¶ 10.  Following receipt of Defendant's responses, the Parties engaged in extensive meet and confer efforts and participated in an Informal Telephonic Discovery Conference with Magistrate Judge Maria A. Audero.  *Id.* at ¶ 11.  As a result of the Parties' meet and confer efforts, Defendant supplemented its discovery responses.  *Id*.  Defendant also propounded, and Plaintiff responded to, interrogatories and requests for production of documents.  *Id*. at ¶ 12.

Prior to mediation, Defendant produced, among other documents, all relevant wage and hour policy documents, collective bargaining agreements, and a sampling of the timekeeping and payroll records.  *Id.* at ¶ 13.  Plaintiff retained a statistical analyst to analyze the sampling of Class Members' timekeeping and payroll records, which assisted Plaintiff's counsel in preparing a damages model prior to mediation.  *Id.*

**D.     Settlement Negotiations**

On February 15, 2019, the Parties participated in a private mediation session with experienced mediator Lisa Klerman, Esq.  *Id*. at ¶ 15.  The mediation session lasted all day but the Parties were unable to reach a resolution.  *Id*.  Following the mediation, the Parties continued to engage in settlement discussions with the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-3-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   assistance of Ms. Klerman. *Id*. at ¶ 16. On April 12, 2019, Ms. Klerman issued a
2   mediator's proposal which set forth the material terms of a proposed settlement
3   which would fully resolve this matter. *Id*. at ¶ 17. The Parties accepted the
4   mediator's proposal on April 13, 2019, subject to entering into a more
5   comprehensive written settlement agreement. *Id*. at ¶ 18. The Stipulation was fully
6   executed on March 22, 2019. (Stipulation, Matern Decl., Ex. A, Dkt. 24-2.)

7   **III.   SUMMARY OF SETTLEMENT**

8       **A.   <u>The Class</u>**

9       The proposed class consists of all persons employed by Defendant as non-
10   exempt employees at the Crowne Plaza Redondo Beach and Marina hotel in
11   Redondo Beach, California, at any time from September 28, 2014 through the
12   earlier of May 27, 2019 or the date of entry of the Preliminary Approval Order.
13   (Stipulation, Matern Decl., Ex. A at ¶¶ 6, 8, Dkt. 24-2.) There are approximately
14   210 Class Members. (Matern Decl., ¶ 5, Dkt. 24-1.)

15       **B.   <u>Settlement Terms</u>**

16       Under the proposed Settlement, the claims of all Class Members shall be
17   settled for the Maximum Settlement Amount of Five Hundred Ten Thousand
18   Dollars ($510,000.00) which shall be inclusive of all Individual Settlement
19   Payments to Participating Class Members, the Class Counsel Award, the Class
20   Representative Service Award, Settlement Administration Costs, and the PAGA
21   payment to the LWDA. (Stipulation, Matern Decl., Ex. A at ¶ 20, Dkt. 24-2.) The
22   Employer's Share of Payroll Taxes shall be paid by Defendant in addition to the
23   Maximum Settlement Amount. (Stipulation, Matern Decl., Ex. A at ¶ 47(f), Dkt.
24   24-2.) No portion of the Maximum Settlement Amount shall revert to Defendant or
25   result in an unpaid residue. (Stipulation, Matern Decl., Ex. A at ¶ 47(a), Dkt. 24-2.)
26       The Maximum Settlement Amount shall be allocated as follows:
27       1.   <u>Individual Settlement Payments</u>. All Class Members shall be eligible
28   to receive a share of the Net Settlement Amount, which equals the Maximum

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-4-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Settlement Amount, less the Class Counsel Award, the Class Representative Service Award, Settlement Administration Costs, and the PAGA payment to the LWDA. (Stipulation, Matern Decl., Ex. A at ¶ 21, Dkt. 24-2.) The Net Settlement Amount shall be distributed to the Participating Class Members on a pro rata basis according to the total number of Compensable Workweeks. (Stipulation, Matern Decl., Ex. A at ¶ 47(a)(i), Dkt. 24-2.)[1]

2.    Class Representative Service Award.    Subject to Court approval, Plaintiff shall be paid a Class Representative Service Award not to exceed Five Thousand Dollars ($5,000.00) for her time and effort in bringing and presenting the Action and for releasing her Released Claims. (Stipulation, Matern Decl., Ex. A at ¶ 47(b), Dkt. 24-2.)

3.    Class Counsel Award.    Subject to Court approval, Plaintiff's Counsel shall receive an award of attorneys' fees in an amount not to exceed One Hundred Sixty-Eight Thousand Three Hundred Dollars ($168,300.00), which equals thirty-three percent (33%) of the Maximum Settlement Amount, and reimbursement of litigation costs and expenses in an amount not to exceed Twenty-Two Thousand Dollars ($22,000.00). (Stipulation, Matern Decl., Ex. A at ¶ 47(c), Dkt. 24-2.)

4.    Payment to the LWDA.    Subject to Court approval, Twenty-Five Thousand Dollars ($25,000.00) from the Maximum Settlement Amount will be allocated as penalties under PAGA, of which seventy-five percent (75%), or Eighteen Thousand Seven Hundred Fifty Dollars ($18,750.00) will be paid to the LWDA. (Stipulation, Matern Decl., Ex. A at ¶ 47(d), Dkt. 24-2.) The remaining twenty-five percent (25%) of the amount allocated toward PAGA penalties (i.e.,

---

[1] Individual Settlement Payment checks will remain negotiable for 180 days from the date of mailing. (Stipulation, Matern Decl., Ex. A at ¶ 47(a)(iv), Dkt. 24-2.) If an Individual Settlement Payment check remains uncashed after 180 days from issuance, the Settlement Administrator shall pay over the amount represented by the check to the State Controller's Office Unclaimed Property Fund, with the identity of the Class Member to whom the funds belong. *Id.*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-5-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

$6,250.00) shall be part of the Net Settlement Amount and will be distributed to Participating Class Members as part of their Individual Settlement Payments. *Id.*

5. <u>Settlement Administration Costs</u>.   Subject to Court approval, the Settlement Administration Costs which are estimated not to exceed Ten Thousand Dollars ($10,000.00) shall be paid from the Maximum Settlement Amount. (Stipulation, Matern Decl., Ex. A at ¶ 47(e), Dkt. 24-2.)

**C.** **<u>Release</u>**

Upon the Effective Date, Plaintiff and all other Participating Class Members shall be deemed to have released the Released Parties from any and all claims, debts, demands, rights, liabilities, costs, damages, attorneys' fees, actions, and/or causes of action that were pleaded or could have been pleaded based upon the factual allegations set forth in the operative Complaint filed in this Action and arising at any time during the Class Period, including any and all claims for (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unfair and unlawful business practices under the California Business & Professions Code (including Section 17200, *et seq.*); and (10) penalties pursuant to PAGA, and any claims for other equitable relief, liquidated damages, punitive damages, or penalties.  (Stipulation, Matern Decl., Ex. A at ¶¶ 28, 45, Dkt. 24-2.)

"Released Parties" means (i) Defendant; (ii) its past, present and future subsidiaries, parents, affiliated and related companies, divisions, successors, predecessors or assigns, and (iii) its past, present, and future officers, directors, shareholders, partners, agents, insurers, employee, advisors, accountants, representatives, trustees, heirs, executors, administrators, predecessors, successors

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-6-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1  or assigns of any of the foregoing. (Stipulation, Matern Decl., Ex. A at ¶ 30, Dkt.

2  24-2.)

3  **D.  Class Notice and Settlement Administration**

4  Within fourteen (14) days of entry of the Preliminary Approval Order,

5  Defendant shall provide the Settlement Administrator with each Class Member's

6  full name; last known address; Social Security number; and Compensable

7  Workweeks ("Class Information") for purposes of mailing the Notice Packets to

8  Class Members. (Stipulation, Matern Decl., Ex. A at ¶¶ 5, 46(a), Dkt. 24-2.) Upon

9  receipt of the Class Information, the Settlement Administrator will perform a search

10 based on the National Change of Address Database maintained by the United States

11 Postal Service to update and correct any known or identifiable address changes.

12 (Stipulation, Matern Decl., Ex. A at ¶¶ 5, 46(a)(i), Dkt. 24-2.) Within fourteen (14)

13 days after receiving the Class Information from Defendant as provided herein, the

14 Settlement Administrator shall mail copies of the Class Notice and Information

15 Sheet, in both English and Spanish (the "Notice Packet"), to all Class Members via

16 regular First Class U.S. Mail. *Id*. The Information Sheet will provide Class

17 Members with an estimate of their Individual Settlement Payment based on their

18 Compensable Workweeks. (Stipulation, Matern Decl., Ex. A at Ex. 2, Dkt. 24-2.)

19 Class Members will have the opportunity, should they disagree with the number of

20 Compensable Workweeks stated on the Information Sheet, to provide

21 documentation and/or an explanation to show contrary information. *Id*.

22 Class Members who wish to exclude themselves from the Settlement must

23 submit a Request for Exclusion to the Settlement Administrator within sixty (60)

24 days after the Settlement Administrator mails the Notice Packets to Class Members

25 ("Response Deadline"). (Stipulation, Matern Decl., Ex. A at ¶ 32, Dkt. 24-2.) To

26 be valid, the Request for Exclusion must: (1) contain the name, address, and

27 telephone number of the person requesting exclusion; (2) be signed by the Class

28 Member; and (3) be postmarked by the Response Deadline and returned to the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-7-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   Settlement Administrator at the specified address.  (Stipulation, Matern Decl., Ex.

2   A at ¶ 46(b), Dkt. 24-2.)

3       Class Members who wish to object to the Settlement must submit to the

4   Settlement Administrator a Notice of Objection by the Response Deadline.

5   (Stipulation, Matern Decl., Ex. A at ¶ 46(c), Dkt. 24-2.).  To be valid, the Notice of

6   Objection must: state the full name, address, telephone number and last four digits

7   of the Class Member's Social Security Number; (2) be signed by the Class

8   Member; (3) state the grounds for the objection; (4) state whether the Class

9   Member intends to appear at the Final Approval Hearing; and (5) be postmarked by

10  the Response Deadline and returned to the Settlement Administrator at the specified

11  address. *Id.*

12  **IV.   ARGUMENT**

13      **A.    <u>The Settlement Meets The Requirements For Preliminary</u>**

14          **<u>Approval</u>**

15      Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or

16  defenses of a certified class may be settled, voluntarily dismissed, or compromised

17  only with the court's approval."  Fed. R. Civ. Proc. § 23(e).  Before a court

18  approves a settlement, it must conclude that the settlement is "fundamentally fair,

19  adequate and reasonable."  *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th

20  Cir. 2009).  Generally, the district court's review of a class action settlement is

21  "extremely limited." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir.

22  1998).  The court considers the settlement as a whole, rather than its components,

23  and lacks authority to "delete, modify or substitute certain provision." *Id.* (quoting

24  *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th

25  Cir. 1982)).

26      At the preliminary approval stage, a court may grant preliminary approval of

27  a settlement and direct notice if the settlement: (1) appears to be the product of

28  serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3)

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-8-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

does not improperly grant preferential treatment to the class representative or segments of the class; and (4) falls within the range of possible approval. *See Alvarado v. Nederend*, 2011 WL 90228, *5 (E.D. Cal. Jan. 11, 2011); Joseph M. McLaughlin, *McLaughlin on Class Actions: Law and Practice* § 6.6 (7th ed. 2011) ("Preliminary approval is an initial evaluation by the court of the fairness of the proposed settlement, including a determination that there are no obvious deficiencies such as indications of a collusive negotiation, unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys . . . ."). As each of these factors is met here, preliminary approval is appropriate.

### 1.   The Settlement Is The Product Of Informed, Arm's Length Negotiations

An initial presumption of fairness exists where, as here, "the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Here, the Settlement was reached after extensive negotiations. On March 15, 2019, the Parties participated in a full-day mediation session with Lisa Klerman, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. (Matern Decl., ¶ 15, Dkt. 24-1.) While the Parties were unable to reach a resolution at the mediation, they continued to engage in settlement discussions with the assistance of Ms. Klerman. *Id*. at ¶¶ 16, 16. Nearly one month later, on April 12, 2019, Ms. Klerman made a mediator's proposal which set forth the material terms of a proposed settlement which would fully resolve this matter. *Id*. ¶ 17. The Parties accepted the mediator's proposal on April 13, 2019. *Id*. at ¶ 18.

These circumstances are the antithesis of collusion and show that the settlement negotiations were at arm's length and, although conducted in a professional manner, were adversarial. *Id*. at ¶ 20. The Parties went into the mediation session willing to explore the potential for a settlement of the dispute, but

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-9-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

were prepared to litigate their positions through trial and appeal if a settlement had not been reached. *Id.*

Plaintiff and her counsel were able to make an informed decision regarding settlement, as Plaintiff conducted significant formal and informal discovery and investigation prior to the mediation. Before filing the Complaint, Plaintiff conducted an extensive investigation including interviewing Plaintiff, reviewing documents provided by Plaintiff and other publicly-available documents, and conducting research regarding applicable California Labor Code Sections and Industrial Welfare Commission Wage Orders. *Id.* at ¶ 9. After the Complaint was filed, the Parties propounded and responded to written discovery, including interrogatories, requests for admission, and requests for production of documents. *Id.* at ¶ 10. Prior to mediation, Defendant produced, among other documents, all relevant wage and hour policy documents, collective bargaining agreements, and a sampling of the timekeeping and payroll records. *Id.* at ¶ 13. Plaintiff retained a statistical analyst to analyze the sampling of Class Members' timekeeping and payroll records which assisted Plaintiff's counsel in preparing a damages model prior to mediation. *Id.* Based on the information and record developed through extensive investigation and discovery, Plaintiff's counsel was able to act intelligently and effectively in negotiating the proposed Settlement. *Id.* at ¶ 14.

## 2.   The Settlement Does Not Suffer From Any Obvious Deficiencies

The second factor the Court considers is whether there are obvious deficiencies in the settlement. Under the terms of the Settlement, IHG will pay $510,000.00 to resolve this Action. This is a substantial recovery for the Class Members, which takes into consideration the significant risks of proceeding with the litigation, including obtaining and maintaining class certification, the burdens of proof necessary to establish liability, the class certification and merits defenses raised by Defendant, the difficulties in establishing damages, the likelihood of

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-10-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   success a trial, and the probability of appeal in the event of a favorable judgment

2   for Plaintiff.   (Matern Decl., ¶¶ 21-28, Dkt. 24-1.)   Accordingly, the proposed

3   Settlement does not suffer from any obvious deficiencies.

**3.      The Settlement Does Not Provide Preferential Treatment To Plaintiff Or Any Segment Of The Class**

6          Under the third factor, the Court examines whether the proposed settlement

7   provides preferential treatment to any class member.  Here, the proposed Settlement

8   poses no risk of unequal treatment of any Class Member, as each Participating

9   Class Member's Individual Settlement Payment will be calculated on a pro rata

10   basis, based upon his or her Compensable Workweeks.  (Stipulation, Matern Decl.,

11   Ex. A at ¶ 47(a)(i), Dkt. 24-2.)

12          Subject to Court approval, the Settlement provides for a Class Representative

13   Service Award to Plaintiff in an amount not to exceed $5,000.00.   (Stipulation,

14   Matern Decl., Ex. A at ¶ 47(b), Dkt. 24-2.)   This modest payment is for the

15   substantial risk assumed by and the services undertaken by Plaintiff on behalf of the

16   Class Members.  The Ninth Circuit has recognized that service awards to named

17   plaintiffs in class actions are permissible.  *See Staton v. Boeing Co.*, 327 F.3d 938,

18   977 (9th Cir. 2003); *see also Rodriguez v. West Publ'g Corp.*, 563 F. 3d 948, 958-

19   69 (9th Cir. 2009) (finding that the payment of a service award is "fairly typical in

20   class actions").  Furthermore, the Court will ultimately determine whether Plaintiff

21   is entitled to the requested service award at the Final Approval Hearing, after

22   Plaintiff submits a declaration outlining the efforts expended and risks taken on

23   behalf of the Class Members.   *See Harris v. Vector Mktg. Corp.*, 2011 WL

24   1627973, at *9. Thus, the absence of any preferential treatment supports

25   preliminary approval.

26   ///

27   ///

28   ///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-11-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**4.      The Settlement Falls Within The Range Of Possible Approval**

Finally, the Court must consider whether the settlement falls within the range of possible approval.  "To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) (internal quotations omitted).

Plaintiff's counsel calculates the maximum potential damages, exclusive of penalties and interest, to be approximately $2,635,313.60 in the event that (1) Plaintiff's meal break, rest break, minimum wage, and overtime claims are certified; and (2) Plaintiff is able to establish liability on each of these claims at trial.  (Matern Decl., ¶ 14, Dkt. 24-1.)[2]  Defendant contests liability, as well as the propriety of certification, and is prepared to vigorously oppose certification and to defend against Plaintiff's claims if the action does not settle.  *Id.* at ¶ 23.  Given the maximum potential damages, as well as the substantial risks entailed by this case, the $510,000 non-reversionary settlement sum is within the range of possible approval.  *Id.* at ¶ 24.

The Settlement obviates the significant risk that this Court may deny certification of all or some of Plaintiff's claims, particularly in light of certification standards under Federal Rule of Civil Procedure, Rule 23, as articulated by the United States Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (U.S. 2011).  Further, even if Plaintiff obtained certification of some or all of the claims, continued litigation would be expensive, involving a trial and possible

---

[2] A detailed explanation of Plaintiff's valuation, including Defendant's defenses, is set forth in Paragraph 22 of the Matern Declaration.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-12-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

appeals, and would substantially delay and reduce any recovery by the Class Members. (Matern Decl., ¶ 25, Dkt. 24-1.)  While Plaintiff is confident in the merits of her claims, a legitimate controversy exists as to each cause of action. *Id*. at ¶ 26.  Plaintiff also recognizes that proving the amount of wages due to each Class Member would be an expensive, time-consuming, and uncertain proposition. *Id*.  In contrast, because of the proposed Settlement, Class Members will receive timely relief and avoid the risk of an unfavorable judgment.  *Id*.  Based on an estimated Net Settlement Amount of $290,950.00, it is estimated that each Class Member, on average, will receive $1,385.48 as a result of the Settlement.  *Id*. at ¶ 27.  The fact that the Settlement will eliminate delay and further expenses weighs strongly in favor of approval.  S*ee Rodriguez*, 563 F.3d at 966.

**B.**    **The Proposed Class Notice Is An Appropriate Form Of Giving Notice And Satisfies Due Process**

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025.  The specific requirements for the content of a class notice are set forth in Federal Rule of Civil Procedure Rule 23(c)(2)(B).  In the Ninth Circuit, notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

The proposed Class Notice satisfies these content requirements.  The Class Notice, which will be provided in both English and Spanish, is written in plain, concise language that, among other things, includes: (1) basic information about the Action and the Settlement; (2) the definition of the proposed class; (3) a description of the claims in the Action; (4) an explanation of how Class Members can obtain benefits under the Settlement; (5) an explanation of how Class Members can exercise their right to request exclusion from or object to the Settlement; (6)

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-13-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

information regarding the scope of the Released Claims and the binding effect of the Settlement; (7) the date and time of the Final Approval Hearing; and (8) contact information to obtain additional information. (*See* Stipulation, Matern Decl., Ex. A at Ex. 1, Dkt. 24-2.)

The Class Notice provides Class Members with sufficient information to make an informed and intelligent decision about the Settlement. Accordingly, it satisfies the content requirements of Rule 23(e) and satisfies all due process requirements. *See In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *4 (N.D. Cal. Aug. 2, 2011); *Rodriguez*, 563 F.3d at 963 (where class notice communicated the essentials of the proposed settlement in a sufficiently balanced, accurate, and informative way, it satisfied due process concerns).

Additionally, prior to mailing the Class Notice to each Class Member, the Settlement Administrator shall perform a search of the Class Members' addresses using the United States Postal Service's National Change of Address Database in order to update and correct any known or identifiable address changes. (Stipulation, Matern Decl., Ex. A at ¶ 46(a)(i), Dkt. 24-1.) Direct mail notice to Class Members' last known addresses is the best notice possible under the circumstances. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319(1950); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-76 (1974).

In sum, the contents and plan for dissemination of the Class Notice constitute the best notice practicable under the circumstances and fully comply with the requirements of Rule 23.

## C.   The Court Should Provisionally Certify The Class For Settlement Purposes

A party seeking to certify a class must demonstrate that she has met the "four threshold requirements of Federal Rule of Procedure 23(a): (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation." *Levya v. Medline Indus, Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Once these prerequisites

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-14-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

are satisfied, a court must consider whether the proposed class can be maintained under at least one of the requirements of Rule 23(b).  *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2548 (2011).  Plaintiff, here, seeks certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Each of these requirements is satisfied here.

### 1.    The Proposed Class Is Sufficiently Numerous

The numerosity requirement is satisfied when "joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least 40 members.  *Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010) (affirming certification of a class of 20).    A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement.  *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992).   Here, the proposed class consists of approximately 210 persons. (Matern Decl., ¶ 5, Dkt. 24-1.)  Thus, the class is sufficiently numerous so as to make joinder impracticable.

### 2.    Common Questions Of Law And Fact Predominate

For a class to be certified, there must be questions of law or fact common to the class.  Fed. R. Civ. P. 23(a)(2).  Rule 23(b)(3) also requires that the common questions of law or fact predominate over any individual questions.  Thus, the Rule 23(a)(2) commonality inquiry and the Rule 23(b)(3) predominance inquiry overlap. *In re AutoZone*, 289 F.R.D. 526, 533, n.10 (N.D. Cal. 2012).

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-15-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

basis." *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001), cert. denied, 534 U.S. 973, 122 S. Ct. 395, 151 L. Ed. 2d 299 (2001). Individualized or deviating facts will not preclude class treatment if most class members were subjected to a company policy in a way that gives rise to consistent liability or lack thereof. *See Arrendondo v. Delano Farms Co.*, 2011 WL 1486612, at *15 (E.D. Cal. Apr. 19, 2011). Where there is common conduct of wrongdoing affecting all members of a class, common questions predominate. *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).

The predominance requirement is satisfied here.  Plaintiff and the Class Members' claims arise from common, uniform practices which Plaintiff contends applied to all Class Members during the Class Period, and involve common questions of law and fact, including but not limited to: (1) whether Defendant's meal break policy is facially unlawful; (2) whether Defendant failed to relieve employees of all duty and employer control during their rest breaks; (3) whether Defendant's rounding policy resulted in systematic underpayment of wages; (4) whether Defendant willfully failed to pay all wages due to Class Members upon separation; and (5) whether Class Members are entitled to penalties under Labor Code section 226(e).  As Defendant's policies and practices, and the questions of law and fact they are raise, are the heart of this case and apply uniformly to all Class Members, certification is appropriate.

### 3.    Plaintiff's Claims Are Typical Of Those Of The Class Members

The typicality requirement is satisfied where the named plaintiff is a member of the proposed class and his or her claims are "reasonably coextensive with those of the absent class members," though "they need not be substantially identical." Fed. R. Civ. P. 23(a)(3); *Hanlon*, 150 F.3d at 1020; *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)  Typicality turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-16-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1  unique to the named plaintiffs, and whether other class members have been injured

2  by the same course of conduct." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 984

3  (9th Cir. 2011) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d at 508).

4  Here, Plaintiff and the Class Members all worked for Defendant as non-

5  exempt employees at the same location, and Plaintiff contends they were all subject

6  to the same allegedly non-compliant policies and practices.  For example, Plaintiff

7  alleges that Defendant failed to provide her and the Class Members lawful meal

8  periods and rest breaks and associated premium pay, failed to properly pay all

9  overtime and minimum wages due (in part, due to an allegedly improper rounding

10  policy), failed to timely pay wages and associated waiting time penalties, and failed

11  to issue compliant wage statements which contained all applicable hourly rates in

12  effect during the pay period and the corresponding number of hours worked at each

13  hourly rate by the employee. As a result, Plaintiff contends that she and the Class

14  Members have suffered the same or similar injuries, resulting from the same or

15  similar conduct by Defendant.  Thus, the proposed class satisfies the typicality

16  requirement for settlement purposes.

17  **4.  Plaintiff And Her Counsel Will Adequately Represent The**

18  **Class Members**

19  A class representative must be able to "fairly and adequately represent the

20  interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether this

21  requirement is met, the Ninth Circuit applies a two-pronged test: "(1) do the named

22  plaintiffs and their counsel have any conflicts of interest with other class members;

23  and (2) will the named plaintiffs and their counsel will prosecute the action

24  vigorously on behalf of the class.   *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454,

25  462 (9th Cir. 2000).  Both prongs are satisfied here.

26  Plaintiff has no conflict of interest with other Class Members.  Plaintiff's

27  interests are aligned with those of the Class Members, as she seeks payment for

28  unpaid wages on behalf of the Class Members.  (Matern Decl., ¶ 40, Dkt. 24-1.)

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-17-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff's counsel also does not have any conflict of interest with the Class Members. *Id.* at ¶ 39.

Additionally, both Plaintiff and her counsel have demonstrated that they will vigorously represent the Class Members. *Id.* at ¶ 43. Plaintiff's counsel has extensive experience in prosecuting wage-and-hour-class cases, and has previously been appointed as class counsel in numerous wage-and-hour actions. *Id.* at ¶¶ 29-38. Plaintiff and her counsel also have sufficient resources to enable them to vigorously pursue the claims on behalf of the class. *Id.* at ¶ 41. Accordingly, the adequacy requirement is satisfied.

**5.    A Class Action Is A Superior Method For Adjudicating This Action**

Rule 23(b)(3)'s superiority requirement is satisfied where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency," or where "no reasonable alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618-20 (1997). Where the matter is being settled, a showing of manageability at trial is unnecessary. *Amchem*, 521 U.S. at 620.

Courts have recognized that, in wage-and-hour cases, an employer's policies, practices, and procedures often have a similar impact on large numbers of workers such that class-based resolution is efficient and appropriate. *See, e.g., Lerwill v. Inflight Motion Pictures Inc.*, 582 F.2d 507, 512-13 (9th Cir.1978) (upholding a decision certifying a class of workers seeking overtime pay, and finding that "[n]umerous individual actions would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated").

Here, class treatment is superior to other available means for the fair and efficient adjudication of the controversy. The class consists of approximately 210

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-18-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1   persons, making individual cases impracticable.  Furthermore, given the relatively

2   small amounts at issue, it is unlikely that any Class Member acting alone would

3   have pursued these claims against Defendant.  *See Leyva*, 716 F.3d at 515 ("In light

4   of the small size of the putative class members' potential individual monetary

5   recovery, class certification may be the only feasible means for them to adjudicate

6   their claims").  Class treatment will preserve judicial resources, save time, and limit

7   duplication of evidence and effort.  Thus, class treatment is superior to other

8   available methods of resolution.

9   **VII.   CONCLUSION**

10          For the foregoing reasons, Plaintiff respectfully requests that this Court: (1)

11   grant preliminary approval of the Settlement; (2) approve the content and plan for

12   distribution of the Notice Packet; (3) certify the proposed class for settlement

13   purposes; (4) appoint Plaintiff as class representative; (5) appoint Matthew J.

14   Matern, Launa Adolph and Kayvon Sabourian of Matern Law Group, PC, as Class

15   Counsel; and (6) schedule a Final Approval Hearing.

16

17   DATED:  March 25, 2019          Respectfully submitted,

18                                  MATERN LAW GROUP, PC

19

20                        By:    /s/ Matthew J. Matern

21                               MATTHEW J. MATERN
                                 LAUNA ADOLPH
22                               KAYVON SABOURIAN
                                 Attorneys for Plaintiff
23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-19-

PLAINTIFF'S MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT