# EXHIBIT A

**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@materlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
KAYVON SABOURIAN (SBN 310863)
ksabourian@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Telephone:  (310) 531-1900
Facsimile:  (310) 531-1901

Attorneys for Plaintiff
ESTELA CERVANTES

SEYFARTH SHAW LLP
Michael J. Burns (SBN 172614)
mburns @seyfarth.com
Eric Hill (SBN 173247)
ehill@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendant
IHG MANAGEMENT (MARYLAND) LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELA CERVANTES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IHG MANAGEMENT (MARYLAND) LLC, a Maryland limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:18-cv-10005-RGK-MAA<br><br>**STIPULATION OF CLASS ACTION SETTLEMENT** |

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

STIPULATION OF CLASS ACTION
SETTLEMENT

1    IT IS HEREBY STIPULATED, by and between plaintiff Estela Cervantes,

2  individually and on behalf of all others similarly situated, on the one hand, and

3  defendant IHG Management (Maryland) LLC, on the other hand, and subject to the

4  approval of the Court, that the Action is hereby compromised and settled pursuant

5  to the terms and conditions set forth in this Stipulation of Class Action Settlement

6  ("Stipulation") and that the Court shall make and enter judgment, subject to the

7  continuing jurisdiction of the Court as set forth below, and subject to the

8  definitions, recitals, and terms set forth herein which by this reference become an

9  integral part of this Stipulation.

10                                 **DEFINITIONS**

11    1.    "Action" means the class action entitled *Estela Cervantes v. IHG*

12  *Management (Maryland) LLC*, United States District Court, Central District of

13  California, Case No. 2:18-cv-10005-RGK-MAA.

14    2.    "CAFA Notice" means the notice that shall be served on the

15  "Appropriate Federal official" and the "Appropriate State official" by the

16  Settlement Administrator pursuant to and as defined under the Class Action

17  Fairness Act of 2005 ("CAFA").  Within ten (10) days after Plaintiff files the

18  motion for preliminary approval, the Settlement Administrator shall serve the

19  CAFA Notice.

20    3.    "Class Counsel" means Matthew J. Matern, Launa Adolph, and

21  Kayvon Sabourian of Matern Law Group, PC.

22    4.    "Class Counsel Award" means reasonable attorneys' fees for Class

23  Counsel's litigation and resolution of the Action and Class Counsel's expenses and

24  costs reasonably incurred in connection with the Action.

25    5.    "Class Information" means information regarding Class Members that

26  Defendant shall in good faith compile from its records and shall transmit in

27  electronic form to the Settlement Administrator and shall include each Class

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

STIPULATION OF CLASS ACTION
SETTLEMENT

Member's full name; last known address; Social Security number; and Compensable Workweeks.

6.    "Class Members" means all persons employed by Defendant as non-exempt employees at the Crowne Plaza Redondo Beach and Marina hotel in Redondo Beach, California, at any time during the Class Period.

7.    "Class Notice" means the Notice of Class Action Settlement, substantially in the form attached as **Exhibit 1,** which shall be subject to Court approval and which the Settlement Administrator shall mail to each Class Member explaining the terms of this Stipulation and the Settlement.

8.    "Class Period" means the period from September 28, 2014 through the earlier of May 27, 2019 or the date of entry of the Preliminary Approval Order.

9.    "Class Representative Service Award" means the amount that the Court authorizes to be paid to Plaintiff, in addition to Plaintiff's Individual Settlement Payment, in recognition of Plaintiff's efforts and risks in assisting with the prosecution of the Action.

10.    "Compensable Workweeks" means the approximate total number of weeks during which a Class Member worked for Defendant at the Crowne Plaza Redondo Beach and Marina hotel as a non-exempt employee during the Class Period based on Defendant' records and which shall be used to calculate Individual Settlement Payments.

11.    "Defendant" means Defendant IHG Management (Maryland) LLC.

12.    "Defense Counsel" means Michael J. Burns and Eric Hill of Seyfarth Shaw LLP.

13.    "Effective Date" means (a) if there are no objections to the Settlement, the date of entry of the Judgment; (b) if there are objections to the Settlement, and if an appeal, review or writ is not sought from the Judgment, the date which is thirty (30) days after entry of the Judgment; or (c) if an appeal, review or writ is sought from the Judgment, the date upon which all appellate and/or other proceedings

1  resulting from the appeal, review or writ have been finally terminated in such a

2  manner as to permit the Judgment to take effect in substantially the form described

3  herein.

4        14.  "Employer's Share of Payroll Taxes" means Defendant's portion of

5  payroll taxes, including, but not limited to FICA and FUTA, on the portion of the

6  Individual Settlement Payments that constitutes wages.  The Employer's Share of

7  Payroll Taxes shall be submitted by Defendant to the Settlement Administrator in

8  addition to the Maximum Settlement Amount.

9        15.  "Final Approval Hearing" means the hearing to be conducted by the

10  Court after the filing by Plaintiff of an appropriate motion and following

11  appropriate notice to Class Members giving Class Members an opportunity to

12  object to or opt out of the Settlement, at which time Plaintiff shall request that the

13  Court finally approve the Settlement, enter the Judgment, and take other appropriate

14  action.

15        16.  "Individual Settlement Payment" means the amount payable from the

16  Net Settlement Amount to each Class Member.

17        17.  "Information Sheet" means the form that shall be prepared by the

18  Settlement Administrator and sent to each Class Member that sets forth the total

19  number of Compensable Workweeks and the estimated Individual Settlement

20  Payment for the Class Member, substantially in the form attached as **Exhibit 2**.

21        18.  "Judgment" means the judgment to be entered by the Court upon

22  granting final approval of the Settlement and this Stipulation as binding upon the

23  Parties and Class Members.

24        19.  "LWDA" means the California Labor and Workforce Development

25  Agency.

26        20.  "Maximum Settlement Amount" means the maximum amount

27  Defendant shall have to pay in connection with this Settlement, by way of a

28  common fund, which shall be inclusive of all Individual Settlement Payments to

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4

STIPULATION OF CLASS ACTION
SETTLEMENT

Class Members, Class Counsel Award, Class Representative Service Award, Settlement Administration Costs and the PAGA payment to the LWDA.  Subject to Court approval and the terms of this Stipulation, the Maximum Settlement Amount Defendant shall be required to pay is Five Hundred Ten Thousand Dollars ($510,000.00).

21.    "Net Settlement Amount" means the Maximum Settlement Amount, less Class Counsel Award, Class Representative Service Award, Settlement Administration Costs, and the PAGA payment to the LWDA.

22.    "Notice of Objection" means a Class Member's written objection to the Settlement.

23.    "Notice Packet" means the packet of documents which shall be mailed and emailed to all Class Members by the Settlement Administrator, including the Class Notice and Information Sheet, each in English and Spanish.

24.    "PAGA" means the Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698, et seq.

25.    "Parties" means Plaintiff and Defendant.

26.    "Plaintiff" means plaintiff Estela Cervantes.

27.    "Preliminary Approval Order" means the order to be issued by the Court approving and authorizing the mailing of the Notice Packet by the Settlement Administrator, setting the date of the Final Approval Hearing and granting preliminary approval of the Settlement set forth in this Stipulation, among other things.

28.    "Released Claims" with respect to the Participating Class Members (other than Plaintiff) means any and all claims, debts, demands, rights, liabilities, costs, damages, attorneys' fees, actions, and/or causes of action that were pleaded or could have been pleaded based upon the factual allegations set forth in the operative Complaint filed in this Action and arising at any time during the Class Period, including any and all claims for (1) failure to provide meal periods; (2)

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

5

STIPULATION OF CLASS ACTION
SETTLEMENT

failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unfair and unlawful business practices under the California Business & Professions Code (including Section 17200, *et seq.*); and (10) penalties pursuant to PAGA, and any claims for other equitable relief, liquidated damages, punitive damages, or penalties.

29.     "Released Claims" with respect to Plaintiff only means any and all claims, debts, demands, rights, liabilities, costs, damages, attorneys' fees, actions, and/or causes, of any form whatsoever, arising from or related to her employment with Defendant ("General Release"), including, but not limited to, claims arising under the California Labor Code, California Business and Professions Code, the Industrial Welfare Commission Wage Orders, and PAGA.  This General Release includes any unknown claims that Plaintiff does not know or suspect to exist in her favor at the time of this General Release, which, if known by her, might have affected her settlement with, and release of, the Released Parties, or might have affected her decision not to object to this Settlement and General Release.  With respect to this General Release, Plaintiff stipulates and agrees that, upon the Effective Date, Plaintiff shall be deemed to have, and by operation of the final judgment in this Action shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (or any other similar provision under federal or state law) which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have**

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6

STIPULATION OF CLASS ACTION
SETTLEMENT

materially affected his or her settlement with the debtor or releasing party.

30.    "Released Parties" means (i) Defendant; (ii) its past, present and future subsidiaries, parents, affiliated and related companies, divisions, successors, predecessors or assigns, and (iii) its past, present, and future officers, directors, shareholders, partners, agents, insurers, employee, advisors, accountants, representatives, trustees, heirs, executors, administrators, predecessors, successors or assigns of any of the foregoing.

31.    "Request for Exclusion" means a written request by a Class Member to opt out of, or exclude oneself from, the Settlement.

32.    "Response Deadline" means the date sixty (60) days after the Settlement Administrator mails the Notice Packets to Class Members and the last date on which Class Members may submit a Notice of Objection or Request for Exclusion.

33.    "Settlement" means the final and complete disposition of the Action pursuant to this Stipulation.

34.    "Settlement Administration Costs" means the reasonable costs and fees of administration of this Settlement, including, but not limited to: (i) translating Notice Packets into Spanish; (ii) printing, mailing and re-mailing (if necessary) and emailing Notice Packets to Class Members; (iii) preparing and submitting to Class Members and government entities all appropriate tax filings and forms; (iv) preparing, with the assistance of Defense Counsel, and serving the CAFA Notice; (v) computing the amount of and distributing Individual Settlement Payments, Class Representative Service Award, Class Counsel Award, and the PAGA payment to the LWDA; (vi) processing and validating Requests for Exclusion and Notices of Objection; (vii) establishing a Qualified Settlement Fund, as defined by the Internal Revenue Code; and (viii) calculating and remitting to the appropriate government agencies all employer and employee payroll tax obligations arising

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7

STIPULATION OF CLASS ACTION
SETTLEMENT

from the Settlement and preparing and submitting filings required by law in connection with the payments required by the Settlement.

35.   "Settlement Administrator" means Rust Consulting, Inc. or any other third-party class action settlement administrator agreed to by the Parties and approved by the Court for purposes of administering this Settlement.

## RECITALS

36.   Procedural History.  On September 28, 2018, Plaintiff filed a putative wage and hour class action complaint against Defendant in Los Angeles Superior Court, alleging the following causes of action: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unfair and unlawful business practices; and (10) penalties under PAGA.  On November 29, 2018, Defendant answered the complaint.  On November 29, 2018, Defendant removed this case to the United States District Court, Central District of California, under CAFA.

37.   Settlement Negotiations.  On February 15, 2019, the Parties attended a mediation with mediator Lisa Klerman, Esq.  The Parties did not reach a resolution at that time but continued to engage in settlement discussions with the assistance of Ms. Klerman.  On March 12, 2019, Ms. Klerman made a mediator's proposal which set forth the material terms of a proposed class action settlement.  On March 13, 2019, the Parties accepted the mediator's proposal, subject to the Parties entering into a more comprehensive written settlement agreement.

38.   Benefits of Settlement to Plaintiff and Class Members.  Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to litigate Plaintiff's disputes in the Action through trial and through any

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8

STIPULATION OF CLASS ACTION
SETTLEMENT

possible appeals.  Plaintiff also has taken into account the uncertainty and risks of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  Plaintiff and Class Counsel also are aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, both generally and in response to Defendant's defenses thereto, and the difficulties in establishing damages, penalties, restitution and other relief sought in the Action.  Plaintiff and Class Counsel also have taken into account Defendant's agreement to enter into a settlement that confers substantial benefits upon the Class Members.  Based on the foregoing, Plaintiff and Class Counsel have determined that the Settlement set forth in this Stipulation is fair, adequate, and reasonable and is in the best interests of all Class Members.

39.     Defendant's Reasons for Settlement.  Defendant has concluded that any further defense of the Action would be protracted and expensive for all Parties. Substantial amounts of Defendant's time, energy, and resources have been, and unless this Settlement is completed, shall continue to be, devoted to the defense of the claims asserted by Plaintiff.  Defendant also has taken into account the risks of further litigation in reaching its decision to enter into this Settlement.  Even though Defendant contends it is not liable for any of the claims alleged by Plaintiff in the Action, Defendant has agreed, nonetheless, to settle in the manner and upon the terms set forth in this Stipulation and to put to rest the claims alleged in the Action. Defendant has asserted and continues to assert that the claims alleged by Plaintiff have no merit and do not give rise to any liability, damages, restitution, penalties or other payments.  This Stipulation is a compromise of disputed claims.  Nothing contained in this Stipulation, no documents referred to herein, and no action taken to carry out this Stipulation, shall be construed or used as an admission by or against Defendant as to the merits or lack thereof of the claims asserted in the Action.  Defendant contends it has complied with all applicable state, federal and local laws.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

9

STIPULATION OF CLASS ACTION
SETTLEMENT

# TERMS OF SETTLEMENT

NOW THEREFORE, in consideration of the mutual covenants, promises, and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

40.   Binding Settlement.  This Settlement shall bind the Parties and all Class Members, subject to the terms and conditions hereof and the Court's approval.

41.   Administration of Taxes by the Settlement Administrator.  The Settlement Administrator will be responsible for issuing to Plaintiff, Class Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Agreement.  The Settlement Administrator will also be responsible for forwarding all payroll taxes and penalties to the appropriate government authorities.

42.   Tax Liability.  The Parties make no representations as to the tax treatment or legal effect of the payments specified herein, and Class Members are not relying on any statement or representation by the Parties, Class Counsel or Defense Counsel in this regard.  Class Members and Class Counsel understand and agree that they shall be responsible for the payment of all taxes and penalties assessed on the payments specified herein, and shall hold the Parties, Class Counsel and Defense Counsel free and harmless from and against any claims resulting from treatment of such payments as non-taxable, including the treatment of such payments as not subject to withholding or deduction for payroll and employment taxes.

43.   Circular 230 Disclaimer.  The Parties acknowledge and agree that (1) no provision of this Stipulation, and no written communication or disclosure between or among the Parties, Class Counsel or Defense Counsel and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

10

STIPULATION OF CLASS ACTION
SETTLEMENT

United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) the acknowledging party (a) has relied exclusively upon his, her, or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Stipulation, (b) has not entered into this Stipulation based upon the recommendation of any other party or any attorney or advisor to any other party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party; and (3) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Stipulation.

44. <u>Preliminary Approval of Settlement</u>. Within fourteen (14) days of full execution of the Stipulation, Plaintiff shall move the Court to enter the Preliminary Approval Order, including a preliminary determination by the Court as to the Settlement's fairness, adequacy, and reasonableness. The Parties agree to work diligently and cooperatively to have this Settlement presented to the Court for preliminary approval. Class Counsel shall be responsible for drafting and filing the Motion for Preliminary Approval, and agrees to submit a draft of the Motion to Defense Counsel for review and input prior to filing. The Motion for Preliminary Approval shall ask the Court to issue a Preliminary Approval Order which, among other things, (1) approves, as to form and content, the Class Notice; (2) approves the manner and method for Class Members to object to and request exclusion from the Settlement as specified herein and in the Class Notice; (3) directs the mailing of the Notice Packets to the Class Members as specified herein; (4) preliminarily approves the Settlement; and (5) schedules a Final Approval Hearing.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

11

STIPULATION OF CLASS ACTION
SETTLEMENT

45.   <u>Release by Class Members</u>.  Upon the Effective Date, Plaintiff and Class Members will be deemed to have released their respective Released Claims against the Released Parties.

46.   <u>Settlement Administration</u>.

a.   Within fourteen (14) days of entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class Information for purposes of mailing the Notice Packets to Class Members.

i.   <u>Notice by First Class U.S. Mail</u>.  Upon receipt of the Class Information, the Settlement Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes.  Within fourteen (14) days after receiving the Class Information from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice Packet in the Mailing Envelope to all Class Members via regular First Class U.S. Mail.  The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member.  The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the most current mailing address for each Class Member.  The Parties agree that this procedure for notice provides the best notice practicable to Class Members and fully complies with due process.

ii.   <u>Undeliverable Notice Packets</u>.  Any Notice Packet returned to the Settlement Administrator as non-delivered on or before the Response Deadline shall be re-mailed to the forwarding address affixed thereto.  If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address by the use of skip-tracing, or other type of automated search, using the name, address and/or Social Security number of the Class Member involved, and shall then perform a re-mailing to the Class Member whose Notice Packet was returned as non-delivered, assuming another mailing

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

12

STIPULATION OF CLASS ACTION SETTLEMENT

1 address is identified by the Settlement Administrator.  Class Members who are sent

2 a re-mailed Notice Packet shall have their Response Deadline extended by ten (10)

3 days from the date the Settlement Administrator re-mails the Notice Packet.  If

4 these procedures are followed, notice to Class Members shall be deemed to have

5 been fully satisfied, and if the intended recipient of the Notice Packet does not

6 receive the Notice Packet, the intended recipient shall nevertheless remain a Class

7 Member and shall be bound by all terms of the Settlement and the Judgment.

8         iii.    <u>Determination of Individual Settlement Payments</u>.  The

9 Settlement Administrator shall determine the eligibility for, and the amounts of,

10 each Individual Settlement Payment under the terms of this Stipulation.  Any Class

11 Member who disputes the number of Qualifying Workweeks and/or the estimated

12 Individual Settlement Payment shown on his/her Information Sheet may submit a

13 written dispute to the Settlement Administrator no later than the Response

14 Deadline.  Any such Class Member must also submit documentation relating to

15 his/her dispute.  The Settlement Administrator shall notify Class Counsel and

16 Defense Counsel of any such disputes no later than five (5) calendar days after

17 receiving notice of the dispute.  The Settlement Administrator shall confer with

18 Defense Counsel in an attempt to resolve the dispute.  Defendant's records shall be

19 given the presumption of accuracy.

20         iv.    <u>Disputes Regarding Administration of Settlement</u>.  Any

21 dispute not resolved by the Settlement Administrator concerning the administration

22 of the Settlement shall be resolved by the Court.  Prior to any such involvement of

23 the Court, counsel for the Parties shall confer in good faith and make use of the

24 services of mediator Lisa Klerman, if necessary, to resolve the dispute without the

25 necessity of involving the Court.

26         b.    <u>Exclusions</u>.  The Class Notice shall explain that Class Members

27 who wish to exclude themselves from the class and Settlement must submit a

28 Request for Exclusion to the Settlement Administrator by the Response Deadline.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

13

STIPULATION OF CLASS ACTION
SETTLEMENT

1    The Request for Exclusion must: (1) contain the name, address, and telephone

2    number of the person requesting exclusion; (2) be signed by the Class Member; and

3    (3) be postmarked by the Response Deadline and returned to the Settlement

4    Administrator at the specified address.  Subject to review by Class Counsel,

5    Defense Counsel and the Court, the date of the postmark on the return mailing

6    envelope on the Request for Exclusion shall be the exclusive means used by the

7    Settlement Administrator to determine whether a Class Member has timely

8    requested exclusion from the class and Settlement.  Any Class Member who timely

9    and properly requests to be excluded from the class and Settlement shall not be

10   entitled to any benefits under the Settlement and shall not be bound by the terms of

11   the Settlement nor shall the Class Member have any right to object to the

12   Settlement or appeal from the entry of the Judgment.  Class Members who do not

13   submit a valid and timely Request for Exclusion on or before the Response

14   Deadline shall be bound by all terms of the Settlement and the Judgment entered in

15   this Action if the Settlement is finally approved by the Court.  No later than

16   seven (7) days after the Response Deadline, the Settlement Administrator shall

17   provide counsel for the Parties a complete list of all Class Members who submitted

18   a timely and valid Request for Exclusion.  Defendant, at its sole discretion, shall

19   then have the right, but not the obligation, to revoke the Settlement if more than ten

20   percent (10%) of the Class Members timely exclude themselves.  Defendant shall

21   exercise its revocation rights, if at all, within ten (10) days of the Response

22   Deadline by providing written notice to Class Counsel.  At no time shall any of the

23   Parties, Class Counsel or Defense Counsel seek to solicit or otherwise encourage or

24   discourage Class Members from submitting a Request for Exclusion in this Action

25   or in the action entitled *Akli Merzouki v. IHG Management Maryland LLC, et al.*,

26   Los Angeles Superior Court Case No. BC685729 (the "*Merzouki* Action").

27   Additionally, Plaintiff and Class Counsel agree not to opt out of the settlement in

28   the *Merzouki* Action.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

14

STIPULATION OF CLASS ACTION
SETTLEMENT

c.  <u>Objections</u>.  The Class Notice shall state that Class Members who wish to object to the Settlement must submit to the Settlement Administrator a Notice of Objection by the Response Deadline.  The Notice of Objection must (1) state the full name, address, telephone number and last four digits of the Class Member's Social Security Number; (2) be signed by the Class Member; (3) state the grounds for the objection; (4) state whether the Class Member intends to appear at the Final Approval Hearing; and (5) be postmarked by the Response Deadline and returned to the Settlement Administrator at the specified address.  Subject to review by Class Counsel, Defense Counsel and the Court, the date of the postmark on the return mailing envelope on the Notice of Objection shall be the exclusive means used by the Settlement Administrator to determine whether a Class Member has timely objected to the Settlement.  Class Members who fail to timely make objections in the manner specified herein shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement, unless otherwise permitted by the Court.  Class Members who submit a timely Notice of Objection have the right to appear at the Final Approval Hearing.  A Class Member may not object to the Settlement and also submit a Request for Exclusion.  At no time shall any of the Parties, Class Counsel or Defense Counsel seek to solicit or otherwise encourage or discourage Class Members from submitting a Notice of Objection or filing an appeal from the Judgment in this Action or the *Merzouki* Action.  Additionally, Plaintiff and Class Counsel agree not to object to the preliminary or final approval of the settlement in the *Merzouki* Action.

c.  <u>Monitoring and Reviewing Settlement Administration</u>.  The Parties have the right to monitor and review the administration of the Settlement to verify that the monies allocated under the Settlement are distributed in a correct amount, as provided for in this Stipulation.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

15

STIPULATION OF CLASS ACTION
SETTLEMENT

d. <u>Best Efforts</u>. The Parties agree to use their best efforts to carry out the terms of this Settlement.

47. <u>Funding of Maximum Settlement Amount</u>. No later than ten (10) days after the Effective Date, Defendant shall provide to the Settlement Administrator, in any feasible manner, including, but not limited to, by way of a wire transfer, the Maximum Settlement Amount. In no event shall there be any distribution from the Maximum Settlement Amount until after the Effective Date and all conditions precedent specified in this Stipulation have been completely satisfied. If this Settlement is not finally approved by the Court in full, or is terminated, rescinded, canceled or fails to become effective for any reason, or if the Effective Date does not occur, then no Maximum Settlement Amount shall be paid.

a. <u>Individual Settlement Payments</u>. Class Members shall not be required to submit a claim in order to receive a share of the Net Settlement Amount, and no portion of the Maximum Settlement Amount shall revert to Defendant or result in an unpaid residue. Individual Settlement Payments shall be paid by the Settlement Administrator to all Class Members from the Net Settlement Amount pursuant to the formula set forth herein. Individual Settlement Payments shall be mailed by the Settlement Administrator by regular First Class U.S. Mail to each Class Member's last known mailing address within fourteen (14) days after Defendant provides the Settlement Administrator with the Maximum Settlement Amount. Prior to mailing the Individual Settlement Payments, the Settlement Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes.

i. Each Class Member's Individual Settlement Payment shall be calculated by the Settlement Administrator as follows: Defendant shall provide the Settlement Administrator with the Compensable Workweeks for each Participating Class Member. The Settlement Administrator shall then divide the

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

16

STIPULATION OF CLASS ACTION
SETTLEMENT

Net Settlement Amount by the total number of Compensable Workweeks for all Participating Class Members resulting in a value for each week worked by the Participating Class Members during the Class Period ("Workweek Value"). The Settlement Administrator shall then multiply the number of Compensable Workweeks for each Participating Class Member by the Workweek Value.

ii.     Individual Settlement Payments shall be made by check and shall be made payable to each Class Member as set forth in this Stipulation.

iii.     Individual Settlement Payments shall be allocated as follows: one-third as wages subject to all applicable tax withholdings, one-third as non-wage penalties not subject to payroll tax withholdings, and one-third non-wage interest not subject to payroll tax withholdings. The Settlement Administrator shall issue an IRS Form W-2 to each Class Member for the portion of each Individual Settlement Payment allocated as wages and subject to all applicable tax withholdings. The Settlement Administrator shall issue an IRS Form 1099 to each Class Member for the portions of each Individual Settlement Payment allocated as non-wage penalties and interest and not subject to payroll tax withholdings.

iv.     Individual Settlement Payment checks shall remain negotiable for 180 days from the date of mailing. If an Individual Settlement Payment check remains uncashed after One Hundred Eighty (180) days from issuance, the Settlement Administrator shall pay over the amount represented by the check, without the need to include interest, to the State Controller's Office Unclaimed Property Fund, with the identity of the Class Member to whom the funds belong. In such event, the Class Member shall nevertheless remain bound by the Settlement.

v.     All monies received by Class Members under the Settlement which are attributable to wages shall constitute income to such Class Members solely in the year in which such monies actually are received by the Class Members. It is expressly understood and agreed that the receipt of Individual

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

17

STIPULATION OF CLASS ACTION
SETTLEMENT

Settlement Payments shall not entitle any Class Member to additional compensation or benefits under any collective bargaining agreement or under any bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor shall it entitle any Class Member to any increased pension and/or retirement, or other deferred compensation benefits. It is the intent of the Parties that Individual Settlement Payments provided for in this Stipulation are the sole payments to be made by Defendant to Class Members in connection with this Settlement, with the exception of Plaintiff, and that Class Members are not entitled to any new or additional compensation or benefits as a result of having received the Individual Settlement Payments. Furthermore, the receipt of Individual Settlement Payments by Class Members shall not, and does not, by itself establish any general, special, or joint employment relationship between and among the Class Member(s) and Defendant.

b. <u>Class Representative Service Awards</u>. Subject to Court approval, Plaintiff shall be paid a Class Representative Service Award not to exceed Five Thousand Dollars ($5,000.00), or any lesser amount as awarded by the Court, for her time and effort in bringing and presenting the Action and for releasing her Released Claims. The Class Representative Service Award shall be paid to Plaintiff from the Maximum Settlement Amount no later than ten (10) days after Defendant provides the Settlement Administrator with the Maximum Settlement Amount. The Settlement Administrator shall issue an IRS Form 1099 to Plaintiff for her Class Representative Service Award. Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on her Class Representative Service Award and shall hold harmless Defendant, Class Counsel and Defense Counsel from any claim or liability for taxes, penalties, or interest arising as a result of payment of the Class Representative Service Award. The Class Representative Service Award shall be made in addition to Plaintiff's Individual Settlement Payment. Any amounts not requested by Plaintiff or not awarded by the Court for the Class Representative

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

18

STIPULATION OF CLASS ACTION
SETTLEMENT

1    Service Award shall become part of the Net Settlement Amount and shall be

2    distributed to Class Members as part of their Individual Settlement Payments.

3                c.      Class Counsel Award.  Subject to Court approval, Class Counsel

4    shall be entitled to receive reasonable attorneys' fees in an amount not to exceed

5    thirty-three percent (33%) of the Maximum Settlement Amount, which amounts to

6    One Hundred Sixty-Eight Thousand Three Hundred Dollars ($168,300.00).  In

7    addition, subject to Court approval, Class Counsel shall be entitled to an award of

8    reasonable costs associated with Class Counsel's prosecution of the Action in an

9    amount not to exceed Twenty-Two Thousand Dollars ($22,000.00).  Class Counsel

10   shall provide the Settlement Administrator with a properly completed and signed

11   IRS Form W-9 in order for the Settlement Administrator to process the Class

12   Counsel Award approved by the Court.  Defendant shall not oppose or object to

13   Plaintiffs' request for an award of attorneys' fees in an amount not to exceed One

14   Hundred Sixty-Eight Thousand Three Hundred Dollars ($168,300.00) and request

15   for an award of reasonable costs not to exceed Twenty-Two Thousand Dollars

16   ($22,000.00).  In the event the Court awards Class Counsel less than One Hundred

17   Sixty-Eight Thousand Three Hundred Dollars ($168,300.00) in attorneys' fees

18   and/or less than Twenty-Two Thousand Dollars ($22,000.00) in costs, the

19   difference shall become part of the Net Settlement Amount and shall be distributed

20   to Participating Class Members as part of their Individual Settlement Payments.

21   Class Counsel shall be paid any Court-awarded attorneys' fees and costs no later

22   than ten (10) days after Defendant provides the Settlement Administrator with the

23   Maximum Settlement Amount.  Class Counsel shall be solely and legally

24   responsible to pay all applicable taxes on the Class Counsel Award.  The Settlement

25   Administrator shall issue an IRS Form 1099 to Class Counsel for the Class Counsel

26   Award.  This Settlement is not conditioned upon the Court awarding Class Counsel

27   any particular amount of attorneys' fees or costs, unless the amount awarded is

28   more than specified in this paragraph.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

19

STIPULATION OF CLASS ACTION
SETTLEMENT

       d.    <u>PAGA Payment to the LWDA</u>.  Twenty-Five Thousand Dollars ($25,000.00) from the Maximum Settlement Amount shall be allocated as penalties under PAGA, of which Eighteen Thousand Seven Hundred Fifty Dollars ($18,750.00) shall be paid by the Settlement Administrator directly to the LWDA. The remaining Six Thousand Two Hundred Fifty Dollars ($6,250.00) shall be part of the Net Settlement Amount and shall be distributed to Participating Class Members as part of their Individual Settlement Payments.

       e.    <u>Settlement Administration Costs</u>.  The Settlement Administration Costs, which are estimated not to exceed Ten Thousand Dollars ($10,000.00), shall be paid from the Maximum Settlement Amount.  Prior to Plaintiff filing a motion for final approval of the Settlement, the Settlement Administrator shall provide the Parties with a statement detailing the Settlement Administration Costs to date.  The Parties agree to cooperate in the Settlement Administration process and to make all reasonable efforts to control and minimize Settlement Administration Costs.

       i.    The Settlement Administrator shall be authorized to establish a QSF pursuant to IRS rules and regulations in which the Maximum Settlement Amount shall be placed and from which payments required by the Settlement shall be made.

       ii.    The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities required by the Settlement.

       iii.    The Parties each represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

       f.    <u>Employer's Share of Payroll Taxes</u>.  The Settlement Administrator shall calculate the amount of the Employer's Share of Payroll Taxes and shall remit and report the applicable portions of the payroll tax payment to the

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

STIPULATION OF CLASS ACTION
SETTLEMENT

appropriate taxing authorities in a timely manner.  The Employer's Share of Payroll Taxes shall be paid by Defendant in addition to the Maximum Settlement Amount.

48.     Final Settlement Approval Hearing and Entry of Judgment.  Upon expiration of the Response Deadline, a Final Approval Hearing shall be conducted to determine whether to grant final approval of the Settlement, including determining the amounts properly payable for: (i) the Class Counsel Award; (ii) the Class Representative Service Award; and (iii) the PAGA payment to the LWDA. Prior to the Final Approval Hearing, the Settlement Administrator shall provide a written report or declaration to the Parties describing the process and results of the administration of the Settlement to date, which report or declaration shall be filed by Plaintiff with the Court prior to the Final Approval Hearing.  Class Counsel shall be responsible for drafting and filing the Motion for Final Approval, and agrees to submit a draft of the Motion to Defense Counsel for review and input prior to filing.

49.     Nullification of Settlement.  In the event: (i) the Court does not enter the Preliminary Approval Order; (ii) the Court does not grant final approval the Settlement; (iii) the Court does not enter the Judgment; or (iv) the Settlement does not become final for any other reason, this Stipulation shall be rendered null and void, any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning, this Stipulation and any documents related to it shall not have any force and effect and/or be admissible, offered into evidence or used in any other manner in this Action by any Class Member or Class Counsel to support any claim or request for class certification in the Action and shall not be used in any other civil, criminal or administrative action against Defendant or any of the other Released Parties, and the Stipulation and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action prior to the settlement.  In addition, Defendant shall retain all its rights to object to the maintenance of the Action as a class or representative

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

21

STIPULATION OF CLASS ACTION
SETTLEMENT

action, and nothing in this Stipulation or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class or representative action.  In the event an appeal is filed from the Judgment, or any other appellate review is sought, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.  If the Settlement does not become final because of an appeal or other appellate review, any fees incurred by the Settlement Administrator prior to it being notified of the filing of an appeal from the Judgment, or any other appellate review, shall be paid by borne equally by the Parties.

50.   No Admission by Defendant.  Defendant denies all claims alleged in the Action and deny all wrongdoing whatsoever by Defendant.  Neither this Stipulation, nor any of its terms and conditions, nor any of the negotiations connected with it, is a concession or admission, and none shall be used against Defendant as an admission or indication with respect to any claim of any fault, concession, or omission by Defendant, that class certification is proper under the standard applied to contested certification motions, or that the pursuit of a representative action is proper under the governing legal standards.  The Parties stipulate and agree to the certification of the proposed class for settlement purposes only.  The Parties further agree that this Stipulation will not be admissible in this or any other proceeding as evidence that (i) a class action should be certified, (ii) a representative action is appropriate or manageable, or (iii) Defendant is liable to Plaintiff or any Class Member, other than according to the terms of this Stipulation.

51.   Confidentiality.  The Parties, Class Counsel, and Defense Counsel agree to keep the terms of the Settlement confidential until the motion for preliminary approval is filed.

52.   No Publicity.  Plaintiff and Class Counsel agree not to contact the media about the Settlement or respond to inquiries by the media regarding the Settlement, other than to state that the Action was amicably settled and the Court

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

22

STIPULATION OF CLASS ACTION
SETTLEMENT

did not find Defendant liable.  Plaintiff and Class Counsel also agree not to post any information about the Settlement on social media or the firm's website.

53. <u>Exhibits and Headings</u>.  The terms of this Stipulation include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  The Exhibits to this Stipulation are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Stipulation are inserted for convenience of reference only.

54. <u>Interim Stay of Action</u>.  The Parties agree to stay and to request that the Court stay all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement and enter the Judgment.

55. <u>Amendment or Modification</u>.  This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

56. <u>Entire Agreement</u>.  This Stipulation and any attached Exhibits constitute the entire agreement between the Parties, and no oral or written representations, warranties, or inducements have been made to Plaintiff or Defendant concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in this Stipulation and its Exhibits.  No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

57. <u>Authorization to Enter Into Settlement Agreement</u>.  Class Counsel and Defense Counsel warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Stipulation and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Stipulation to effectuate its terms, and to execute any other documents required to effectuate the terms of this Stipulation.  The Parties, Class Counsel and Defense Counsel shall cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

23

STIPULATION OF CLASS ACTION
SETTLEMENT

or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court and/or mediator Lisa Klerman to resolve such disagreement.  The person signing this Stipulation on behalf of Defendant represents and warrants that he/she is authorized to sign this Stipulation on behalf of Defendant.  Plaintiff represents and warrants that she is authorized to sign this Stipulation.

58.    No Prior Assignments.  The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

59.    Binding on Successors and Assigns.  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

60.    California Law Governs.  All terms of this Stipulation and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California, without giving effect to any law that would cause the laws of any jurisdiction other than the State of California to be applied.

61.    Counterparts.  This Stipulation is subject only to the execution of all Parties.  The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them, including facsimile and scanned copies of the signature pages, will be deemed to be one and the same instrument provided that counsel for the Parties will exchange among themselves original signed counterparts.

62.    This Settlement is Fair, Adequate and Reasonable.  The Parties believe the Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at the Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

24

STIPULATION OF CLASS ACTION
SETTLEMENT

The Parties further acknowledge that they are each represented by competent counsel and they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

63.   Jurisdiction of the Court.  Following entry of the Judgment, the Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith, and the Parties, Class Counsel and Defense Counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the Settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

64.   Invalidity of Any Provision.  Before declaring any term or provision of this Stipulation invalid, the Parties request that the Court first attempt to construe the terms or provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Stipulation as valid and enforceable.

65.   Binding Nature of Class Notice.  It is agreed that because the Class Members are so numerous, it is impossible or impracticable to have each Class Member execute the Stipulation.  The Class Notice shall advise all Class Members of the binding nature of the Settlement, and the release of Released Claims and shall have the same force and effect as if this Stipulation were executed by each Class Member.

Dated: 3 - 22 - 19, 2019                    _____
                                            Plaintiff Estela Cervantes


Dated: _____, 2019                  _____
                                            Defendant IHG Management (Maryland)
                                            LLC
                                            By: _____

1ATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
1ANHATTAN BEACH, CA
90266

25

STIPULATION OF CLASS ACTION SETTLEMENT

1  The Parties further acknowledge that they are each represented by competent
2  counsel and they have had an opportunity to consult with their counsel regarding
3  the fairness and reasonableness of this Settlement.

4      63.   Jurisdiction of the Court. Following entry of the Judgment, the Court
5  shall retain jurisdiction with respect to the interpretation, implementation, and
6  enforcement of the terms of this Stipulation and all orders and judgments entered in
7  connection therewith, and the Parties, Class Counsel and Defense Counsel submit
8  to the jurisdiction of the Court for purposes of interpreting, implementing, and
9  enforcing the Settlement embodied in this Stipulation and all orders and judgments
10  entered in connection therewith.

11      64.   Invalidity of Any Provision. Before declaring any term or provision of
12  this Stipulation invalid, the Parties request that the Court first attempt to construe
13  the terms or provisions valid to the fullest extent possible consistent with applicable
14  precedents so as to define all provisions of this Stipulation as valid and enforceable.

15      65.   Binding Nature of Class Notice. It is agreed that because the Class
16  Members are so numerous, it is impossible or impracticable to have each Class
17  Member execute the Stipulation. The Class Notice shall advise all Class Members
18  of the binding nature of the Settlement, and the release of Released Claims and
19  shall have the same force and effect as if this Stipulation were executed by each
20  Class Member.

21

22  Dated: _____, 2019           _____

23                                        Plaintiff Estela Cervantes

24

25

26  Dated: _March 22_, 2019

                                       Defendant IHG Management (Maryland)
27                                        LLC
28                                        By: _Colleen Keating, COO_

                                      25           STIPULATION OF CLASS ACTION
                                                                SETTLEMENT

1

2   Approved as to form and content:

3

4   Dated: _____3/22_____, 2019         MATERN LAW GROUP, PC

5

6

7                                           By: _____

8                                               MATTHEW J. MATERN
                                                LAUNA ADOLPH
9                                               KAYVON SABOURIAN
                                                Attorneys for Plaintiff Dina Rae
10                                              Richardson

11

12  DATED: _____, 2019            SEYFARTH SHAW LLP

13

14                                          By: _____

15                                              MICHAEL J. BURNS
                                                ERIC HILL
16                                              Attorneys for Defendant
17                                              IHG MANAGEMENT (MARYLAND)
                                                LLC
18  55724761v.1

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

26

STIPULATION OF CLASS ACTION
SETTLEMENT

1

2   Approved as to form and content:

3

4   Dated: _____, 2019          MATERN LAW GROUP, PC

5

6

7                                          By: _____

8                                              MATTHEW J. MATERN
                                               LAUNA ADOLPH
9                                              KAYVON SABOURIAN
                                               Attorneys for Plaintiff Dina Rae
10                                             Richardson

11

12  DATED: _March 22__, 2019               SEYFARTH SHAW LLP

13

14                                         By: _____

15                                             MICHAEL J. BURNS
                                               ERIC HILL
16                                             Attorneys for Defendant
17                                             IHG MANAGEMENT (MARYLAND)
                                               LLC
18  55724761v.1

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

26                          STIPULATION OF CLASS ACTION
                                                SETTLEMENT

**EXHIBIT 1**

## NOTICE OF CLASS ACTION SETTLEMENT

*Cervantes v. IHG Management (Maryland) LLC*

United States District Court for the Central District of California, Case No. 2:18-cv-10005-RGK-MAA

*A court authorized this Notice. This is not a solicitation by a lawyer. You are not being sued.*

**IF YOU WORKED FOR IHG MANAGEMENT (MARYLAND) LLC AS A NON-EXEMPT EMPLOYEE AT THE CROWNE PLAZA REDONDO BEACH AND MARINA HOTEL AT ANY TIME FROM SEPTEMBER 28, 2014 TO [EARLIER OF MAY 27, 2019 OR PRELIMINARY APPROVAL DATE], THIS CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

**PLEASE READ THIS NOTICE CAREFULLY.**

### Why should you read this Notice?

A proposed settlement (the "Settlement") has been reached in a class action lawsuit entitled *Estela Cervantes v. IHG Management (Maryland) LLC,* United States District Court for the Central District of California, Case No. 2:18-cv-10005-RGK-MAA (the "Action"). The purpose of this Notice of Class Action Settlement ("Notice") is to briefly describe the Action, and to inform you of your rights and options in connection with the proposed Settlement. The proposed Settlement will resolve all claims against defendant IHG Management (Maryland) LLC ("IHG") in the Action.

AS A CLASS MEMBER, YOU ARE ELIGIBLE TO RECEIVE AN INDIVIDUAL SETTLEMENT PAYMENT UNDER THE SETTLEMENT AND WILL BE BOUND BY THE RELEASE OF CLAIMS DESCRIBED IN THIS NOTICE AND THE SETTLEMENT AGREEMENT FILED WITH THE COURT, UNLESS YOU TIMELY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, you will be considered part of the Class and will receive an Individual Settlement Payment. You will also give up the right to pursue a separate legal action against IHG and affiliated persons and entities. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you request to be excluded, you will not receive any payment under the Settlement, and you will not release any claims against IHG. |
| **OBJECT TO THE SETTLEMENT** | To object to the Settlement, you must submit a written statement explaining why you object to the Settlement or explain your objections in person at the Settlement Hearing. This option is available only if you do not exclude yourself from the Settlement. |

### Who is affected by the proposed Settlement?

The Court in charge of this case is the United States District Court for the Central District of California. The Court has certified, for settlement purposes only, the following class (the "Class"):

All persons employed by IHG as non-exempt employees at the Crowne Plaza Redondo Beach and Marina hotel in Redondo Beach, California, at any time from September 28, 2014 through [earlier of May 27, 2019 or date of preliminary approval] (the "Class Period").

According to IHG's records, you are a member of the Class ("Class Member"). In a class action, one or more people called Class Representatives or Representative Plaintiffs make allegations on behalf of

other people who they allege have similar claims.  All these people comprise a Class and are referred to as Class Members, except those who decide to exclude themselves from the Class. One court resolves the issues for all Class Members.

## What is this case about?

In the Action, plaintiff Estela Cervantes ("Plaintiff") alleges on behalf of herself and the Class the following claims against IHG: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unfair and unlawful business practices; and (10) penalties under the Labor Code Private Attorneys General Action ("PAGA").  In the Action, Plaintiff seeks unpaid wages, statutory and civil penalties, restitution, interest, attorneys' fees, and costs.

The Court has not made any determination of the validity of the claims in the Action.  IHG vigorously denies the claims in the Action and contends that it fully complied with all applicable laws.

The Parties disagree on the probable outcome of the case with respect to liability and damages.  This Settlement is a compromise reached after arm's length negotiations between Plaintiff and IHG (the "Parties"), through their attorneys and while using the services of an experienced and neutral mediator. The Settlement is not an admission of liability on the part of IHG.  Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair, adequate and reasonable. Plaintiff and Class Counsel believe the Settlement is in the best interests of all Class Members.

## Who are the attorneys representing the Parties?

The attorneys in the Action are:

| **Class Counsel** | **Defense Counsel** |
|---|---|
| Matthew J. Matern | Michael J. Burns |
| Launa Adolph | Eric Hill |
| Kayvon Sabourian | SEYFARTH SHAW LLP |
| MATERN LAW GROUP, PC | 560 Mission Street, 31st Floor |
| 1230 Rosecrans Ave., Suite 200 | San Francisco, California 94105 |
| Manhattan Beach, California 90266 | 415-397-2823 |
| 310-531-1900 | |

As a Class Member, you are being represented at no cost by Class Counsel.

## What are the Settlement terms?

If the Court grants final approval of the Settlement, IHG will pay $510,000.00 (the "Maximum Settlement Amount") for: (a) Individual Settlement Payments to Class Members; (b) the Court-approved attorneys' fees and costs to Class Counsel; (c) the Court-approved Class Representative Service Award to Plaintiff; (d) the costs of administering the Settlement; and (e) a payment to the California Labor and Workforce Development Agency ("LWDA") for its share of the money allocated to resolve claims pursuant to PAGA.

**Individual Settlement Payments.**  After deduction from the Maximum Settlement Amount for Class Counsel's attorneys' fees and costs, the Class Representative Service Award to Plaintiff, the costs of administering the Settlement, and the payment to the LWDA, there will be a Net Settlement Amount. From this Net Settlement Amount, each Class Member who does not request to be excluded from the Settlement ("Participating Class Member") will receive an Individual Settlement Payment.

The Net Settlement Amount will be divided among all Participating Class Members based on the number of Compensable Workweeks each Participating Class Member worked for IHG as a non-exempt employee during the Class Period. Your total number of Compensable Workweeks, according to IHG's records, and your estimated Individual Settlement Payment are listed on the Information Sheet enclosed in this Notice Packet.

The settlement checks will be valid for 180 days from the date of mailing. After 180 days, the Settlement Administrator will void any uncashed checks and pay over the amount represented by the check to the State Controller's Office Unclaimed Property Fund, with the identity of the Class Member to whom the funds belong.

For tax reporting purposes, the Individual Settlement Payments will be allocated one-third (1/3) as wages and two-thirds (2/3) as non-wage penalties and interest. The wage portion will be subject to required state and federal withholdings and will be reported on an IRS Form W-2. The non-wage portion will be reported on an IRS Form 1099, with no withholdings taken.

None of the Parties or their attorneys make any representations concerning the tax consequences of this Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Participating Class Member.

**Attorney's Fees and Costs, Class Representative Service Award, Settlement Administration Costs, and Payment to the LWDA.** Plaintiff will ask the Court to award Class Counsel attorney's fees in an amount not to exceed $168,300.00 (33% of the Maximum Settlement Amount) and reimbursement of reasonable costs incurred in the Action in an amount not to exceed $22,000.00. Plaintiff also will ask the Court to authorize a Class Representative Service Award payment of up to $5,000.00 to Plaintiff for her efforts in the Action. The Parties estimate the costs of administering the Settlement will not exceed $10,000.00. In addition, $25,000.00 will be allocated to penalties under PAGA, of which 75%, or $18,750.00, will be paid to the LWDA, and the remaining 25%, or $6,250.00, will be part of the Net Settlement Amount and will be distributed to Participating Class Members. Any amounts not requested or awarded by the Court will be included in the Net Settlement Amount and will be distributed to the Class Members as set forth above.

**What claims are being released by the proposed Settlement?**

Upon the Settlement becoming final, each Class Member shall be deemed to have fully, finally, and forever released the Released Parties from all Released Claims. "Released Claims" means all claims, debts, demands, rights, liabilities, costs, damages, attorneys' fees, actions, and/or causes of action that were pleaded or could have been pleaded based upon the factual allegations set forth in the operative Complaint filed in this Action and arising at any time during the Class Period, including claims for (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unfair and unlawful business practices under the California Business & Professions Code (including Section 17200, *et seq.*); and (10) penalties pursuant to PAGA, and any claims for other equitable relief, liquidated damages, punitive damages, or penalties. The "Released Parties" are (i) IHG; (ii) its past, present and future subsidiaries, parents, affiliated and related companies, divisions, successors, predecessors or assigns; and (iii) the past, present, and future officers, directors, shareholders, partners, agents, insurers, employees, advisors, accountants, representatives, trustees, heirs, executors, administrators, predecessors, successors or assigns of any of the foregoing.

## What are my rights as a Class Member?

As a class member, you may (A) remain in the Class and receive an Individual Settlement Payment; or (B) exclude yourself from the Class and Settlement. If you choose option (A), you may also object to the Settlement, as explained below.

**OPTION A.** **Remain in the Class and Receive a Settlement Payment.** If you wish to remain in the Class and be eligible to receive an Individual Settlement Payment, you do not need to take any action. If the Court grants final approval of the Settlement, you automatically will receive an Individual Settlement Payment and will be bound by the release of the Released Claims as described above.

**Objecting to the Settlement**: If you believe the proposed Settlement is not fair, reasonable or adequate in any way, you may also object to it. To object, you may submit a written brief or statement of objection ("Notice of Objection") to the Settlement Administrator at the following address:

Cervantes v. IHG Management Settlement
P.O. Box _____
[City], [State] [Zip]

The Notice of Objection must: (1) state your full name; (2) be signed by you; (3) state the grounds for your objection; (4) state whether you intend to appear at the Final Approval Hearing; and (5) must be postmarked on or before **[Response Deadline]** and mailed to the Settlement Administrator at the address listed above. You also can hire an attorney at your own expense to represent you in your objection or you may object yourself without an attorney. Class Counsel, however, will not represent you for purposes of objecting to the Settlement. **Even if you submit an objection, you will be bound by the terms of the Settlement, including the release of Released Claims as set forth above, unless the Settlement is not finally approved by the Court.**

**OPTION B.** **If You Do Not Want To Be Part Of The Class And Be Bound By The Settlement.** If you do not want to be part of the Settlement, you must submit a written request to be excluded ("Request for Exclusion") to the Settlement Administrator at the following address, postmarked on or before **[Response Deadline]**:

Cervantes v. IHG Management Settlement
P.O. Box _____
[City], [State] [Zip]

In order to be valid, your Request for Exclusion must (1) state your full name, address, and telephone number and the last four digits of your Social Security Number (for identification purposes only); (2) contain a clear statement that you are requesting to opt out of, or be excluded from, the Settlement in *Cervantes v. IHG Management*; and (3) be signed by you. If you do not submit a timely and valid Request for Exclusion, you will be bound by the release of Released Claims as described above and all other terms of the Settlement. If you timely submit a valid Request for Exclusion, you will have no further role in the Action, and you will not be entitled to any benefit as a result of the Settlement. **You cannot object to the Settlement if you submit a Request for Exclusion.**

## What is the next step in the approval of the Settlement?

The Court will hold a hearing regarding the fairness, reasonableness and adequacy of the proposed Settlement, the plan of distribution, and Plaintiff's request for attorneys' fees and costs and a Class Representative Service Award on _____, 2019 at X:XX x.m. in Courtroom 850 of the Roybal Federal Building and Courthouse, located at 255 East Temple Street, Los Angeles, California 90012, before the Hon. R. Gary Klausner. The Final Approval Hearing may be postponed without further notice to Class Members. You are not required to attend the hearing to receive an Individual Settlement Payment.

**How can I get additional information?**

This Notice summarizes the Action and the basic terms of the Settlement.  More details are in the Settlement Agreement, which may be reviewed at the office of the Clerk of Court located at 350 West 1st Street, Los Angeles, California 90012, during regular business hours, or online by accessing the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.  You also can request a copy of the Settlement Agreement from Class Counsel at the address and telephone number listed above.  If you have questions regarding the Settlement, you may also contact the Settlement Administrator at 1-XXX-XXX-XXXX.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE OR THE SETTLEMENT.**

55724248v.1

**EXHIBIT 2**

**INFORMATION SHEET**
*Cervantes v. IHG Management (Maryland) LLC*
United States District Court for the Central District of California, Case No. 2:18-cv-10005-RGK-MAA

**Calculation of Individual Settlement Payments:**  Each Class Member's share of the Net Settlement Amount will be based upon his or her "Compensable Workweeks," or the total number of weeks each Class Member performed work for IHG Management (Maryland) LLC ("IHG") at the Crowne Plaza Redondo Beach and Marina hotel in Redondo Beach, California at any time from September 28, 2014 to [earlier of May 27, 2019 or preliminary approval date] (the "Class Period").

**Your Compensable Workweeks and Estimated Individual Settlement Payment:** According to IHG's records, you worked <<CompWorkweeks>> Compensable Workweeks.  Based on the number of Compensable Workweeks, **your estimated Individual Settlement Payment is <<EstSettPayment>>**. Please note that this is only an estimate; your actual payment may be greater or smaller than the amount reported above.

**Procedure for Disputing Information:**  If you disagree with the number of Compensable Workweeks stated above, you must send a letter to the Settlement Administrator stating the reasons why you dispute the number of Compensable Workweeks and provide any supporting documentation that you have (for example, any paystubs).  The information you provide should include the estimated number of weeks you claim you worked for IHG as a non-exempt employee at the Crowne Plaza Redondo Beach and Marina hotel from September 28, 2014 to [earlier of May 27, 2019 or preliminary approval date].

Any disputes and supporting documentation must be mailed to the Settlement Administrator at the address listed below by First Class U.S. Mail, postmarked no later than _____, 2019.

> Cervantes v. IHG Management Settlement
> [Address]
> [City, State  Zip]

If you dispute the number of Compensable Workweeks stated above, IHG's records will be presumed determinative unless you are able to provide credible and verifiable documentation to the Settlement Administrator that establishes otherwise.  Failure to provide documentary evidence in support of your dispute will render your dispute invalid.  The Settlement Administrator will evaluate the evidence submitted by you and will make the final decision as to the number of Compensable Workweeks that should be applied and/or the Individual Settlement Payment to which you may be entitled.